IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO



FILED BY CLERK

DEC 31 2008

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| In re the Marriage of: | ) | |
| | ) | |
| JEANETTE ELLEN WILLIAMS, | ) | 2 CA-CV 2008-0109 |
| | ) | DEPARTMENT B |
| Petitioner/Appellee, | ) | |
| | ) | O P I N I O N |
| and | ) | |
| | ) | |
| CLARENCE KELVIN WILLIAMS, | ) | |
| | ) | |
| Respondent/Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. DO-200700797

Honorable Brenda E. Oldham, Judge

REVERSED AND REMANDED

---

Jeanette Ellen Williams                                                    Maricopa
                                                                In Propria Persona

Aspey, Watkins & Diesel, P.L.L.C.
  By Douglas C. Gardner                                                    Flagstaff
                                              Attorneys for Respondent/Appellant

---

E C K E R S T R O M, Presiding Judge.

¶1        Appellant Clarence Williams appeals from the trial court's denial of his request for attorney fees and costs (hereinafter "attorney fees"). The fees were incurred in a marital dissolution action with his wife, Jeanette Williams. Clarence claims the trial court abused its discretion when it denied his request for an award of attorney fees because Jeanette made unreasonable legal arguments below and the court incorrectly considered her lack of representation in denying his fee request. He also claims the trial court erred in not considering his financial resources when determining whether to award fees. We reverse the court's order denying attorney fees and remand this matter for further consideration.

**Factual and Procedural Background**

¶2        After seventeen years of marriage, Jeanette filed a petition for dissolution of marriage in 2007. Clarence, who was incarcerated, retained counsel, whereas Jeanette proceeded *in propria persona*. The record shows Clarence had no income or employment since 2004, and his family paid to retain his attorney. At the time of the trial in 2008, Jeanette was working as a human resources employment specialist, earning $17.42 per hour.

¶3        Jeanette rejected a consent decree Clarence had proposed and proceeded to trial to resolve two contested issues: her claims for spousal maintenance and reimbursement. Prior to the trial, the court directed Jeanette to the statute pertaining to spousal maintenance, A.R.S. § 25-319(A), and advised her of the statutorily prescribed criteria it would consider in assessing any claim for maintenance. The court also advised her to withdraw her request if she could not prove a ground for maintenance under the statute. She did not withdraw

2

her request. At trial, in response to questions by the court and counsel, Jeanette testified that she had received a copy of the statute and acknowledged that none of its provisions applied to her. The trial court then denied her request for spousal maintenance.

¶4 Jeanette had also sought reimbursement for community debts she had satisfied with her own wages before filing the petition for dissolution. At trial, Clarence introduced evidence of his earlier correspondence with Jeanette. That correspondence informed her of the law relevant to community property and debts, maintained her reimbursement claim was meritless, and offered her a consent decree to avoid litigating the issue. Although she admitted she lacked a "legal basis" for her claim, Jeanette argued at trial that Clarence "should be man enough" to pay what she felt was his fair share of their debt. The trial court characterized Jeanette's argument regarding reimbursement as "not based on . . . law but on[] . . . equity" and denied her request.

¶5 The court also denied Clarence's request for attorney fees. In explaining its reasons for doing so, the trial court addressed Jeanette as follows:

> [T]he Court does not find that your position on the debt was unreasonable. The court also does not find that your position on spousal maintenance was unreasonable.
>
> Unfortunately, it might feel or seem to be unreasonable to [Clarence] or even to his attorney because they have knowledge that you did not have. When it comes to individuals who cannot afford lawyers and who appear on their own, the reasonableness of their position sometimes is a little bit—is looked upon by the Court a little bit differently than the position of two individuals who show up with lawyers.

3

And in determining whether or not you had an unreasonable position on those two issues, the Court looks at your intent.

The court went on to find Jeanette took her positions in good faith and they were reasonable for someone untrained in the law, although as to Jeanette's claim for spousal maintenance, the court found she was legally incorrect and "had no position to stand on."

¶6 The court also found that Jeanette did not have the financial resources to pay Clarence's attorney fees. The court stated it would not consider Clarence's financial need for the fees because he was the party requesting them. Clarence filed a timely amended notice of appeal after the court entered its decree of dissolution.

## Discussion

¶7 Clarence argues the trial court committed an error of law by holding Jeanette to a different standard of "reasonableness" as a pro se litigant than an attorney and by denying his request for fees on that basis. He also argues the court erred in failing to consider his financial need for attorney fees as required by A.R.S. § 25-324(A). We agree with both points.

¶8 We review a trial court's denial of a party's request for an award of attorney fees for an abuse of discretion. *In re Marriage of Robinson*, 201 Ariz. 328, ¶ 20, 35 P.3d 89, 96 (App. 2001). An abuse of discretion occurs when a court commits an error of law in the process of reaching a discretionary conclusion. *Grant v. Ariz. Pub. Serv. Co.*, 133

4

Ariz. 434, 456, 652 P.2d 507, 529 (1982), *supp. op.* We review questions of law de novo. *Burnette v. Bender*, 184 Ariz. 301, 304, 908 P.2d 1086, 1089 (App. 1995).

**¶9**		Clarence requested attorney fees below pursuant to § 25-324. The statute allows the trial court in a dissolution action to order one party to pay the other's attorney fees and costs after the trial court "consider[s] the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." § 25-324(A), (B).

**¶10**		Here, the court evaluated the reasonableness of Jeanette's legal position with reference to her subjective intent. We conclude, however, that § 25-324(A) requires that the propriety of a litigant's legal position be evaluated by an objective standard of reasonableness. When interpreting a statute, our primary goal is to give effect to the legislature's intent. *State v. Morris*, 215 Ariz. 324, ¶ 74, 160 P.3d 203, 219 (2007). We look first to the statute's language as the best evidence of that intent. *Mejak v. Granville*, 212 Ariz. 555, ¶ 8, 136 P.3d 874, 876 (2006). If the language is subject to more than one interpretation, "'we attempt to determine legislative intent by interpreting the statutory scheme as a whole and consider the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose.'" *Hughes v. Jorgenson*, 203 Ariz. 71, ¶ 11, 50 P.3d 821, 823 (2002), *quoting UNUM Life Ins. Co. of Am. v. Craig*, 200 Ariz. 327, ¶ 12, 26 P.3d 510, 513 (2001).

**¶11** Notably, the term "reasonable" has been used in our law to set forth an objective standard. *E.g.*, *First Am. Title Ins. Co. v. Action Acquisitions, LLC*, 218 Ariz. 394, ¶ 33, 187 P.3d 1107, 1114 (2008) (defining "reasonable expectations" in insurance context with objective standards); *Maricopa County Sheriff's Office v. Maricopa County Employee Merit Sys. Comm'n*, 211 Ariz. 219, ¶ 12, 119 P.3d 1022, 1024-25 (2005) (finding "arbitrary or taken without reasonable cause" language of administrative rule creates objective standard of review); *Lowrey v. Montgomery Kone, Inc.*, 202 Ariz. 190, ¶ 21, 42 P.3d 621, 627 (App. 2002) (noting "reasonable care" standard objective in traditional negligence theory). And, when certain words have acquired such a specialized meaning in the law, the legislature has instructed us to construe those words accordingly. *See* A.R.S. § 1-213 ("Technical words and phrases and those which have acquired a peculiar and appropriate meaning in the law shall be construed according to such peculiar and appropriate meaning.").

**¶12** Moreover, § 25-324(A) contains no language suggesting that the reasonableness of a litigant's position should be assessed with reference to a litigant's intentions in taking that position. And, when drafting statutory provisions for attorney fees in other civil litigation contexts, the legislature has not hesitated to employ such language when it intended fees to be assessed by such subjective criteria. *See, e.g.*, A.R.S. § 12-349(A)(1)-(2), (F) (allowing fee award in certain civil actions if "attorney or party" brings or defends claim for "delay or harassment" or without "good faith"). Had the

6

legislature intended to add a subjective dimension to the reasonableness component of § 25-324(A), we must assume it would have chosen similarly express language to do so. We therefore conclude the legislature intended courts to assess the reasonableness of a litigant's position pursuant to § 25-324(A) by an objective standard.

¶13 For related reasons, the trial court also erred when it considered Jeanette's lack of legal knowledge or comprehension in denying Clarence's request for attorney fees. Parties who choose to represent themselves "are entitled to no more consideration than if they had been represented by counsel" and are held to the same standards as attorneys with respect to "familiarity with required procedures and . . . notice of statutes and local rules." *Smith v. Rabb*, 95 Ariz. 49, 53, 386 P.2d 649, 652 (1963); *see also Higgins v. Higgins*, 194 Ariz. 266, ¶ 12, 981 P.2d 134, 138 (App. 1999). A party's ignorance of the law is not an excuse for failing to comply with it. *Moore v. Myers*, 31 Ariz. 347, 356, 253 P. 626, 629 (1927). Thus, to the extent the trial court found that Jeanette's legal positions were reasonable merely because she was unsophisticated in the law, it erred.

¶14 Finally, the court erred by disregarding the plain language of § 25-324(A) in considering only the financial resources of one party—the person who would be paying the attorney fees—rather than "the financial resources of both parties." *See also Breitbart-Napp v. Napp*, 216 Ariz. 74, ¶ 39, 163 P.3d 1024, 1034 (App. 2007) (trial court abused discretion in awarding attorney fees in dissolution when record contained inadequate financial information of both parties). As we previously noted, although the decision

7

whether to award attorney fees and the amount of any award is for the trial court to determine in the exercise of its sound discretion, *see Roden v. Roden*, 190 Ariz. 407, 412, 949 P.2d 67, 72 (App. 1997), the legal errors committed here constitute an abuse of that discretion and require reversal. *See Kohler v. Kohler*, 211 Ariz. 106, ¶ 2, 118 P.3d 621, 622 (App. 2005) (abuse of discretion may occur when court commits error of law in process of exercising discretion).

**¶15** To the extent Clarence suggests this court should specifically instruct the trial court to award him fees pursuant to § 25-324(A), however, we decline to do so. Even assuming the trial court had found Jeanette's positions were unreasonable and had considered Clarence's financial resources as the statute requires, Clarence would not thereby be entitled to attorney fees as a matter of law. In considering the financial resources of the parties under § 25-324(A), the trial court may look to a number of factors, none of which alone is dispositive. Among such factors are the relative financial disparity between the parties, the ability of the parties to pay the fees, the ratio of fees owed to assets owned, and "other similar matters." *Magee v. Magee*, 206 Ariz. 589, ¶¶ 17-18, 81 P.3d 1048, 1051-52 (App. 2004). It is for the trial court to determine how much weight to give each of these factors. *See id.* ¶ 17.

## Disposition

**¶16** For the reasons stated herein, we reverse the court's order denying Clarence's request for attorney fees and remand the matter to the trial court, which is directed to

reconsider the request in light of the proper legal standards. Clarence has requested attorney fees on appeal but has failed to state the statutory basis for such an award. We therefore deny the request. *See Roubos v. Miller*, 214 Ariz. 416, ¶ 21, 153 P.3d 1045, 1049 (2007) (party requesting fees must state statutory or contractual basis for award).

_____
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Judge


_____
GARYE L. VÁSQUEZ, Judge

9