NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(C), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JOHNNIE F. TEAMER, *Petitioner/Appellant*,

*v.*

PAUL DANIELLS, *Respondent/Appellee*.

No. 1 CA-CV 13-0226
FILED 2-27-2014

Appeal from the Superior Court in Maricopa County
No. FC2011-090644
The Honorable Benjamin R. Norris, Judge

**VACATED**

COUNSEL

Jones Skelton & Hochuli, PLC, Phoenix
By Eileen Dennis GilBride
*Counsel for Petitioner/Appellant*

The Murray Law Offices PC, Phoenix
By Stanley D. Murray
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**G O U L D,** Judge:

¶1         Johnnie F. Teamer ("Mother") appeals from a $10,000 award of attorneys' fees to Paul Daniells ("Father").  We hold that the evidence does not support the trial court's finding that Mother acted unreasonably and vacate the fee award.  Further, we remand for the trial court to consider whether Mother should be awarded her reasonable attorneys' fees.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2         The parties were married in 1996 and have one child, born in 1997.  The parties have lived in Arizona since 2005.  Since March 2010, Father lived primarily in Pennsylvania for work and came home to Arizona every two to three weeks.  Prior to the filing of this dissolution action, the family planned to move to Pennsylvania and had enrolled the child in school there.  Shortly before the move, the parties separated.  Father continued living in Pennsylvania and visited the child in Arizona.

¶3         Mother filed a dissolution petition in July 2011.  Initially, both parties wanted the child to live with them.  The parties eventually agreed to joint legal custody, but were unable to agree to a parenting time schedule.  At the hearing to determine temporary parenting time, Father agreed the child should remain in Arizona until she finished high school, but the parties were otherwise unable to reach any agreement regarding parenting time.  The trial court ordered equal parenting time, consisting of alternating weeks between the parents in Arizona.  Ultimately, the parties agreed to make this parenting time order permanent.

¶4         The court held a trial on the remaining property and spousal maintenance issues.  Despite finding that Father had considerably more financial resources than Mother, the trial court concluded that Father was entitled to a $10,000 attorneys' fee award based on Mother's unreasonable conduct.

¶5          Mother filed a timely notice of appeal from the attorneys' fee award.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1)  (Supp. 2013).

## DISCUSSION

¶6          A trial court may award reasonable attorneys' fees to a party "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings[.]"  A.R.S § 25-324(A) (Supp. 2013).  We will not disturb an award of attorneys' fees absent an abuse of discretion.  *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36, 250 P.3d 1213, 1221 (App. 2011).  "[An] appellate court may find an abuse of discretion if the record fails to provide substantial evidence to support the trial court's finding."  *Grant v. Ariz. Public Service Co.*, 133 Ariz. 434, 456, 652 P.2d 507, 529 (1982); *see also Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 330, ¶ 25, 152 P.3d 1209, 1213 (App. 2007) (holding that findings not adequately supported by the record are clearly erroneous).

¶7          The court concluded that Mother acted unreasonably by (1) taking community funds without regard to the effect on Father; (2) seeking "sole custody of the child when there was clearly no basis for making such a request"; and (3) "seeking to unreasonably limit Father's parenting time."[1]  The trial court noted Father's greater financial resources, but concluded Mother's conduct justified an award of attorneys' fees to Father.  Mother contends the evidence does not support the court's finding that she acted unreasonably.

## I.          Use of Community Funds

¶8          Mother withdrew $8,000 in community funds from a joint business account two days before she filed the petition for dissolution.  Father testified that a portion of that money was set aside to pay business taxes.  Mother testified that she withdrew these funds from the joint account because she didn't know what would happen after she filed for

---

[1]     Father contends Mother acted unreasonably in a recent modification proceeding.  However, we do not consider evidence that was not presented to the trial court when it considered its ruling.  *See Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 57 n.1, ¶ 16, 156 P.3d 1157, 1162 n.1 (App. 2007).  Accordingly, we will not consider Mother's conduct after the ruling on appeal.

divorce. Mother stated that she only spent the funds on living expenses before the temporary support orders took effect.

¶9            The reasonableness of a party's position is evaluated using an objective standard; not by considering the party's subjective intent. *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 10, 200 P.3d 1043, 1045 (App. 2008). At the time she withdrew the funds, Mother had no other money or income. Although Father argues that Mother did not need these funds because he paid her bills, the record does not establish whether Father paid anything other than Mother's rent in the three-and-a-half months before the temporary support orders were entered. [2]

¶10           These funds were in a joint account. Pursuant to A.R.S. section 25-214(C) (2007), Mother had an equal right to manage, control, or dispose of community property before service of the petition for dissolution. It was not objectively unreasonable for Mother to withdraw funds from a joint account to use for living expenses when facing an uncertain financial future. Although Mother did not consult Father before making this withdrawal, there was no evidence the community incurred any penalties or fees for unpaid taxes or other bills as a result of this withdrawal.[3] Additionally, Mother was ordered to reimburse Father one-half of these funds. *See* A.R.S. § 25-318(C) (Supp. 2013) (authorizing court to consider a spouse's "excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common"). Therefore, the community was not financially harmed by this withdrawal.

¶11           The evidence does not support the finding that Mother acted unreasonably by withdrawing community funds immediately before filing her petition.

## II.            Mother's Sole Custody Request

---

[2]      Father testified that he paid Mother $74,000 since "the start of this action[,]" but did not specify how much, if any, was paid prior to the entry of support orders. Father testified that he paid an occasional $50 insurance co-pay "even though [he was] giving [Mother] $1,000 a month." Father also paid $10,000 for Mother's moving expenses.

[3]      There was no evidence that any bills other than the retainer check to Father's attorney were affected by this withdrawal.

¶12        Initially, Mother sought sole legal custody and both parties requested primary physical custody of the child.[4]  Father sought to have the child live with him in Pennsylvania and enroll in school as the parties had anticipated prior to the divorce.  Mother opposed the child living in Pennsylvania, and sought a temporary award of primary physical custody with Father having reasonable parenting time.  Just before the temporary orders hearing, Father changed his position and asked to have the child live with him in Pennsylvania after she finished the current school year in Arizona.  Because Father had arranged to work in Arizona part-time, he sought equal parenting time in Arizona.  At the temporary orders hearing, the parties agreed to joint legal custody on a temporary basis, but did not reach an agreement regarding parenting time.

¶13        At a second hearing on temporary parenting time orders, Father again changed his position and now agreed that the child should remain in Arizona until she graduated.  Father still sought equal parenting in Arizona.  Mother requested that Father have parenting time Thursday through Sunday every other week.  The temporary order awarded the parties equal parenting time in Arizona on an alternating week schedule.  In a subsequent mediation, the parties agreed to make this temporary order permanent.

¶14        The trial court found Mother unreasonably "asked for sole custody when there was clearly no basis for making such a request[.]"  In regard to Mother seeking sole *legal* custody, we note that by the time of the first temporary orders hearing, the parties had agreed to joint legal custody.  Although Mother never explained the basis for her initial request for sole legal custody, the parties reached an agreement regarding legal custody early in the proceedings.  We see nothing unreasonable in this conduct.  *Compare, e.g.*, *Mangan v. Mangan*, 227 Ariz. 346, 352-53, 258 P.3d 164, 170-71 (App. 2011) (affirming award of fees against parent who withheld children from the other parent, breached agreements, and obtained a baseless order of protection).

¶15        In regard to Mother's request for primary *physical* custody, or parenting time, Mother never sought to deny Father physical custody of the child.  Although Mother did not agree to the equal parenting time

---

[4]        To clarify, we use the term "parenting time" to refer to physical custody.  *See* A.R.S. § 25-402(4) (2007) (defining parenting time as the physical placement of the child).  Pursuant to A.R.S. § 25-402(5), "sole custody" refers to one parent having "legal custody."

Father proposed, Mother's proposal of four days every other week was not objectively unreasonable. The record indicated that this was somewhat consistent with the amount of time Father had been spending with the child since the parties' separation when Father was commuting long distances. The parties' positions were not significantly far apart. The trial court even commended the parties on their ability to work together to resolve some issues and not fight over everything.

¶16 We conclude the evidence does not support the finding that Mother took unreasonable positions regarding custody.

### III. Limitation of Father's Parenting Time

¶17 The trial court found that Mother sought to unreasonably limit Father's parenting time, but did not specify how. Father contends there were several instances where Mother sought to unreasonably limit Father's parenting time. Mother disputes some of these instances, but we "defer to the trial court's determination of witnesses' credibility and the weight to give conflicting evidence." *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13, 972 P.2d 676, 680 (App. 1998).

¶18 Father testified that one weekend his parenting time was limited because he was told the child had a birthday party to attend, when in fact the child had actually gone shopping with a friend. Father also testified that another weekend, Mother told him he could not see the child due to some critical appointment, but Mother refused to tell him what that appointment was. Mother points out that this conduct violated no parenting time orders; however, at that time, there were no such orders in effect.

¶19 Father sought court intervention when Mother refused to consent to Father taking the child to England if he was also taking his significant other. Father filed a motion to permit the travel, and the court conducted a brief emergency hearing. Mother contends that her objection was reasonable and very little court time was spent on this issue. The trial court did not enter an order precluding contact between the child and either party's significant other, but strongly advised against such contact, especially overnight.

¶20 Finally, Father testified that Mother served the petition for dissolution and preliminary injunction just days before he and the child were scheduled to return to Pennsylvania as planned. Father contends this prevented the child from starting school in Pennsylvania and thwarted the family plan to move. Mother disputed that the family still

planned to move once the parties decided to separate and, therefore, the timing of her filing was not unreasonable.

¶21　　　On appeal, we "view the evidence in the light most favorable to support the decision." *Mitchell v. Mitchell*, 152 Ariz. 317, 323, 732 P.2d 208, 214 (1987). Thus, we accept that Mother engaged in these behaviors. Nonetheless, we cannot conclude this conduct was unreasonable or that it supports a $10,000 attorneys' fee judgment.

¶22　　　The trial court's ruling regarding Father's request to travel, cautioned against the very contact Father sought. Although not the outright ban Mother sought, this does not support a finding that Mother's objections were unreasonable. The timing of Mother's petition for dissolution, which sought to keep the child in Arizona, was not unreasonable in light of the parties' long distance living arrangements at the time. This leaves the two weekend incidents in support of the $10,000 fee award. Although we do not condone Mother's conduct, these two events are not unusual in family law litigation and do not justify a $10,000 attorneys' fee award to Father, the party with far greater financial resources. The award of attorneys' fees is not supported by the evidence of Mother's minimally unreasonable conduct.

¶23　　　We conclude that the evidence does not support the trial court's finding that Mother's conduct was unreasonable. *See Marina P.,* 214 Ariz. at 330, ¶ 25, 152 P.3d at 1213. Therefore, the trial court abused its discretion in awarding attorneys' fees to Father. *See Grant,* 133 Ariz. at 456, 652 P.2d at 529. Accordingly, we vacate the fee award.

## ATTORNEYS' FEES ON APPEAL

¶24　　　Both parties seek an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324. Neither party took unreasonable positions on appeal. However, the most recent child support order from April 2013 shows that although Father's income has decreased, he still earns significantly more than Mother. Accordingly, we award Mother her reasonable attorneys' fees on appeal upon compliance with ARCAP 21.

## CONCLUSION

¶25　　　We conclude that the trial court abused its discretion in awarding attorneys' fees to Father and vacate the fee award. As a result, we remand the matter to the trial court with directions to consider whether Mother should be awarded her reasonable attorneys' fees given the financial disparity of the parties. Additionally, we award Mother her

reasonable attorneys' fees on appeal in an amount to be determined upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: mjt