NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:
DANETTE MILLER, *Petitioner/Appellee,*

*v.*

THOMAS ANDREW MILLER, *Respondent/Appellant.*

No. 1 CA-CV 13-0304
FILED 06-12-2014

Appeal from the Superior Court in Maricopa County
No. FC2007-008371
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

McCulloch Law Offices, Tempe
By Diana McCulloch
*Counsel for Petitioner/Appellee*

Thomas A. Miller, Tempe
*Defendant/Appellant in Propria Persona*

---

**MEMORANDUM DECISION**

---

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Maurice Portley joined.

---

**K E S S L E R**, Presiding Judge:

¶1 Thomas Andrew Miller ("Father") appeals the order granting judgment for Danette Miller ("Mother") on her petition to enforce the asset distribution agreement contained in the consent decree. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY[1]**

¶1 This appeal concerns Mother's post-decree petition to enforce the parties' agreement concerning the sale of corporate stock. When the dissolution action was filed, the parties owned significant shares of Premier Information Management ("PIM"), a publicly traded company. In May 2009, the parties reached an agreement, memorialized on the record pursuant to Arizona Rule of Family Law Procedure 69, and adopted by the court. The agreement was later incorporated in a consent decree signed by the court in July 2009. As relevant, the decree provided:

> Mother is awarded 3 million shares of Premier Information Management Inc. stock which currently (at May 27, 2009) is/was in Father's name. Father is to have this done immediately following the May 27, 2009 hearing. The intent is that Mother has the ability to sell the 3 million shares . . . and that it does not reach affiliate status. In addition, Father will pay for any opinion letter, and will make wife whole if she loses money regarding the period of time from when she gets the stock and when she wants to sell it and getting the opinion letter.

---

[1] As Mother points out, Father's statement of facts does not comply with Arizona Rule of Civil Appellate Procedure 13(a)(4). We rely on our review of the record for our recitation of the facts. *State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 257 n.1, 963 P.2d 334, 336 n.1 (App. 1998).

**¶2**        In January 2013, Mother moved the court to enforce the portion of the decree concerning the distribution of stock to Mother.  She alleged the stock price decreased from $.035 on May 27, 2009 (when she received the stock), to $.01 on June 22, 2009 (when she received the opinion letter necessary for her to sell the stock), and asked the court to order Father to make her whole by paying the difference in value of her 3 million shares of stock, $75,000.  Mother also sought reimbursement for the cost of the opinion letter.  Father opposed the motion, arguing Mother had failed to show that she suffered a loss in the sale of the stock.  After conducting an evidentiary hearing, the superior court granted judgment for Mother in the amount of $69,123.50.[2]

**¶3**        Father timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2) (Supp. 2013).[3]

## DISCUSSION

**¶4**        Father argues the superior court erred by granting Mother a judgment of $69,123.50.  We apply an abuse of discretion standard when reviewing the family court's division of property.  *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15, 5 P.3d 911, 915 (App. 2000).  As the trier of fact, it is the family court's responsibility to observe the parties, weigh the evidence, make credibility determinations, and resolve disputed issues of fact.  *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13, 972 P.2d 676, 680-81 (App. 1998).  We view the evidence in the light most favorable to sustaining the court's findings and will uphold them if they are supported by any reasonable evidence.  *Mitchell v. Mitchell*, 152 Ariz. 317, 323, 732 P.2d 208, 214 (1987).

**¶5**        Mother sought to compel Father to pay her $75,000 for the loss in value of the PIM stock between May 27, 2009, when she received

---

[2] The court impliedly denied Mother's request for an award of attorneys' fees, first raised in her reply in support of the petition.

[3] Although other post-decree matters remained pending, the court's order fully resolved Mother's petition to enforce and was therefore appealable. *See Williams v. Williams*, 228 Ariz. 160, 165-67, ¶¶ 19-29, 264 P.3d 870, 875-77 (App. 2011) (explaining total finality in post-decree context is not required as long as petition at issue is fully resolved).

the stock, and June 22, 2009, when she received an opinion letter,[4] plus $3124.50 for the cost of the opinion letter.[5] She testified at the evidentiary hearing that the parties agreed as part of the dissolution that she would receive three million shares of PIM stock and, if she incurred a loss on the stock between when she received it and when she obtained the opinion letter required to sell the shares, Father would reimburse her for the difference. She offered evidence that the price of the stock on the day she received it was $.035 per share and when she obtained the opinion letter it was valued at $.01 per share. She also claimed the stock now has no value.

¶6        As the superior court noted, Father did not dispute Mother's testimony regarding the dates she received the stock and the opinion letter, or her assertion that the stock now has no value. He did, however, challenge Mother's evidence regarding the value of the stock on the relevant dates and questioned whether she had sold any of the three million shares she received.

¶7        The superior court accepted Mother's evidence regarding the change in the value of the stock between May 27, 2009 and June 22, 2009, and her testimony that she had only recovered $9000 for the stock. It granted Mother a judgment against Father for $69,123.50 (the difference in stock value plus the cost of the opinion letter).[6] Father challenges the

---

[4] Although neither entirely clear from the record nor fully explained by the parties, it appears that the stock Father conveyed to Mother on May 27, 2009 was "restricted," and federal securities laws therefore prohibited Mother from selling the stock in the public marketplace until she received the opinion letter. *See* Securities Act of 1933, 15 U.S.C. § 77a-77aa; 17 C.F.R. § 230.144.

[5] We reject Father's argument that the superior court had previously denied Mother's claim as untimely. In the minute entry Father cites, dated February 10, 2012 and filed on March 7, 2012, the court stated: "to the extent there are any motions before the Court [that] have not been ruled upon[,] they are denied as untimely." Mother filed her motion to enforce the asset distribution agreement on January 25, 2013.

[6] Mother asserts the court erred by offsetting the $75,000 loss by the $9000 value of her stock sales, but states she is not asking this Court to enlarge the judgment. *See* ARCAP 13(b)(3) (stating appellate court may direct that

sufficiency of Mother's evidence, arguing the court erred by accepting her testimony because she did not provide a full accounting of all sales of stock from her brokerage account, so the court could not determine what stock she sold and for what price.[7]

**¶8** Father contends Mother's evidence did not support the court's ruling because if Mother had attempted to sell all of her stock on May 27, 2009, the large-volume sale would have lowered the share price. As the superior court noted, Father did not offer any evidence to support his theory, assist the court in valuing the stock, or otherwise contradict Mother's evidence concerning the price of the stock on the relevant dates.

**¶9** The evidence reasonably supports the superior court's findings and we find no abuse of discretion. *See Mitchell*, 152 Ariz. at 323, 732 P.2d at 214; *Gutierrez*, 193 Ariz. at 347-48, ¶ 13, 972 P.2d at 680-81.[8]

**¶10** Mother requests an award of attorneys' fees and costs incurred on appeal pursuant to A.R.S. § 12-349 (Supp. 2013) and ARCAP 25. We deny Mother's request because she has not shown that the appeal

---

a judgment be modified to enlarge the appellee's rights only if the appellee has cross-appealed seeking such relief).

[7] Father also challenges the court's interpretation of the decree, arguing the provision concerning Mother's sale of PIM stock was vague and unenforceable. We decline to consider this argument because Father did not raise it in the superior court. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300, 878 P.2d 657, 658 (1994) ("Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal.").

[8] Father complains the superior court showed no "leniency or consideration" for the fact that he was self-represented. "Parties who choose to represent themselves 'are entitled to no more consideration than if they had been represented by counsel' and are held to the same standards as attorneys with respect to 'familiarity with required procedures and . . . notice of statutes and local rules.'" *In re Marriage of Williams,* 219 Ariz. 546, 549, ¶ 13, 200 P.3d 1043, 1046 (App. 2008) (citation omitted). Nevertheless, we deny Mother's request that we sanction Father for the inclusion of this statement in his opening brief.

was frivolous or that Father brought it without substantial justification or for the purpose of delay or harassment.[9]

¶11        Mother also requests an award of attorneys' fees pursuant to A.R.S. § 25-324 (Supp. 2013), which grants courts discretion to award attorneys' fees in a divorce case after considering both parties' financial resources and the reasonableness of their positions throughout the proceedings. Because we lack evidence of the parties' current financial resources and in the exercise of our discretion, we deny Mother's request. Mother, however, as the prevailing party is entitled to recover her costs on appeal upon compliance with ARCAP 21.

**CONCLUSION**

¶12        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D :  gsh

---

[9] We also deny Mother's request that we sanction Father for his inclusion of the sealed consent decree in the appendix to his opening brief, but on the Court's own motion, it is ordered sealing the opening brief.