NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LAURI A. TUPPER,
*Petitioner/Appellee,*

*v.*

GARY A. TUPPER,
*Respondent/Appellant.*

No. 1 CA-CV 14-0831 FC
FILED 10-22-2015

Appeal from the Superior Court in Maricopa County
No. DR1998-092983
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Lauri A. Tupper, Queen Creek
*Petitioner/Appellee*

Gary A. Tupper, Gilbert
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

¶1          Gary A. Tupper (Father) appeals from the family court's order denying reimbursement of child support payments to Lauri A. Tupper, aka Lauri A. Rodriguez (Mother).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Father and Mother divorced in 1998.  They have three children—C.T., V.T., and L.T.  Father was required to pay child support pursuant to a 1998 child support order, which was later modified in 2002.

¶3          Father paid child support until May 2013, when the youngest child, L.T., graduated from high school.  In November 2012, Mother applied for Supplemental Security Income (SSI) on L.T.'s behalf.  In October 2013, L.T. was awarded SSI benefits retroactive to December 2012.  Meanwhile, Father did not petition the family court to terminate his child support obligation until March 2014, which the court granted in May 2014.

¶4          Father requested that the family court order Mother to reimburse the November 2012 through May 2013 child support payments.  The family court denied Father's request for retroactive reimbursement, because those payments predated the termination order.  Father timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, and -2101.A (West 2015).[1]

---

[1]          We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

**DISCUSSION**

**¶5**        Father argues that the family court erred by finding that A.R.S. § 25-527 does not provide for reimbursement of his child support payments. We review the family court's application and interpretation of a statute de novo. *Thomas v. Thomas*, 203 Ariz. 34, 36, ¶ 7 (App. 2002) (citation omitted). A court's decision whether to order reimbursement for the overpayment of child support is within its discretion. *See* A.R.S. § 25-527.B. A court abuses its discretion when it "commits an error of law in the process of reaching a discretionary conclusion." *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008) (citation omitted).

**¶6**        "When interpreting a statute, our primary goal is to give effect to the legislature's intent." *Id.* at 548–49, ¶ 10 (citation omitted). The statutory language is the best evidence of the legislature's intent. *Id.* at 549, ¶ 10 (citation omitted). If the statutory text can be reasonably interpreted to have more than one meaning, we look to the historical background, spirit, purpose, and effects of the statute to determine legislative intent. *Id.* at 548–49, ¶ 10 (citation omitted).

**¶7**        Father argues that A.R.S. § 25-527 provides for reimbursement of the November 2012 through May 2013 child support payments, even though his child support obligation was not terminated pursuant to court order until 2014. We disagree.

**¶8**        Under A.R.S. § 25-527, "[a]n obligor whose obligation to pay support has terminated may file a request for reimbursement against the obligee for support payments made in excess of the amount ordered." Thus, the statute provides for reimbursement of payments made *after* the child support order terminated. *See* AZ S. F. Sheet, 2004 Reg. Sess. S.B. 1334 (explaining that the purpose of the statute was to reimburse child support payments made after termination due to, for example, "notification delays between the obligor, clearinghouse, obligee and employer").

**¶9**        Father's child support obligation did not terminate until May 2014. Because Father made his last child support payment in May 2013—a year before the order terminated—A.R.S. § 25-527 does not apply. Furthermore, A.R.S. § 25-327.A would also preclude retroactive reimbursement. Under A.R.S. § 25-327.A, the family court cannot retroactively reduce or terminate a child support order, and the child support here would have been terminated on April 1, 2014—the first day of the month following Father's motion to dismiss. Even if the family

court found "good cause," the earliest possible effective date to terminate or reduce the child support would have been March 26, 2014 — the date Father filed his motion to dismiss. *See* A.R.S. § 25-327.A. In either scenario our conclusion does not change because Father made his last child support payment several months before his support obligation would have reduced or terminated.

¶10 Father also argues that the family court erred "in ruling that it did not have jurisdiction to provide retroactive reimbursement." The family court stated in its August 2014 order that it was "without jurisdiction" to provide retroactive reimbursement. However, the family court clarified in its October 2014 order that "[w]hen the [c]ourt states that it is without jurisdiction, the [c]ourt means to say that there is no statutory authority for the relief requested by Father." Therefore, Father's jurisdiction argument is moot.

¶11 Finally, Mother requests attorney fees on appeal, including fees incurred in consulting with an attorney, pursuant to A.R.S. § 25-324. Because Mother is unrepresented on appeal, and in our discretion, we decline to award Mother's fees incurred in consulting with an attorney. However, she is entitled to her costs, upon compliance with ARCAP 21.

## CONCLUSION

¶12 For the foregoing reasons, we affirm the family court's order denying reimbursement of the child support payments.



Ruth A. Willingham · Clerk of the Court
FILED: ama