NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

URSULA M. JOHNSTON, *Petitioner/Appellant*,

*v.*

JOHN D. JOHNSTON, *Respondent/Appellee*.

No. 1 CA-CV 16-0432 FC
FILED 6-1-2017

Appeal from the Superior Court in Maricopa County
No. FN2013-090099
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

APPEARANCES

Ursula M. Johnston, Chandler
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

**B R O W N**, Chief Judge:

¶1          Ursula Johnston ("Wife") appeals the trial court's judgment awarding attorneys' fees to her ex-husband, John Johnston ("Husband"), in the amount of $4,456.16.  For the following reasons, we affirm.

## BACKGROUND

¶2          In a prior appeal, we affirmed the trial court's denial of Wife's motion to set aside the decree of dissolution of the parties' marriage, but vacated Husband's attorneys' fees award and remanded for recalculation. *Johnston v. Johnston*, No. 1 CA-CV 14-0451 FC, 2015 WL 4272813 *5, ¶ 17 (Ariz. App. July 16, 2015) (mem. decision).  While that appeal was pending, Husband filed a petition to enforce the decree and sought a contempt order against Wife.  After an evidentiary hearing, the court issued a substantive ruling addressing sanctions and attorneys' fees.  After considering various motions, the court entered a signed final order on September 29, 2015, confirming the parties' obligations under the decree, recalculating the fee award previously remanded by this court, and awarding additional attorneys' fees to Husband.

¶3          Over the next several months, in numerous filings, Wife contested issues that had been addressed in the September 29 order.   In response to one of Wife's filings, Husband requested another award of attorneys' fees and to have Wife declared a vexatious litigant.  In a December 15, 2015 order, the trial court ruled that it "already addressed the various issues raised by Wife multiple times, and the proper mechanism to review those rulings was via appeal to the Arizona Court of Appeals.  Since no such appeal has been taken, Wife's various motions are denied[.]"  The court awarded attorneys' fees to Husband, in an amount to be determined, finding that under Arizona Revised Statutes ("A.R.S.") section 25-324(A) Wife's conduct in the litigation was not reasonable.

¶4          In a later minute entry, the court denied Husband's vexatious litigant request but again found that Wife had "acted unreasonably in this litigation by continuing to seek modification of an Order which at this point is not modifiable as a matter of law."  The court awarded Husband $4,456.16 (one-half of the amount requested) for attorneys' fees he had incurred after January 12, 2016.  Wife timely appealed.

**DISCUSSION**

**¶5**            Although Wife makes many arguments about various post-decree proceedings, the only issue she has properly raised in this appeal is whether the trial court erred in awarding $4,456.16 in attorneys' fees to Husband.  We therefore limit our analysis to that sole issue.  We also note that Husband did not file an answering brief and thus we could consider such failure as a confession of reversible error.  *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).  "This doctrine is discretionary, however, and we are reluctant to reverse based on an implied confession of error when, as here, the trial court has correctly applied the law."  *Id.*

**¶6**            We will not disturb a trial court's decision to award attorneys' fees under A.R.S. § 25–324 absent an abuse of discretion.  *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983).  Section 25–324(A) allows the trial court, in dissolution matters, to award attorneys' fees upon consideration of "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."  As the trial court recognized, § 25-324(A) "requires that the propriety of a litigant's legal position be evaluated by an objective standard of reasonableness."  *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 10 (App. 2008).  Whether a litigant acted reasonably thus does not depend on the litigant's intentions, or whether the litigant is "unsophisticated in the law."  *Id.* at ¶¶ 12, 13.

**¶7**            In its minute entry awarding fees to Husband, the trial court appropriately considered both factors outlined in A.R.S. § 25-324(A).  The court found there was a disparity of financial resources, but that "both parties have resources to contribute to a fee award if appropriate."  The court also found that Wife acted unreasonably in the litigation by "continuing to seek modification" of prior rulings that could no longer be changed because she failed to timely challenge those rulings by filing an appeal.  Wife argues nonetheless that as an unrepresented litigant, she did not know she should have appealed prior orders issued in the case.  Litigants who choose to represent themselves, however, are held to the same standards as attorneys in terms of complying with procedural rules.  *In re Marriage of Williams*, 219 Ariz. at 549, ¶ 13.

**¶8**            Contrary to Wife's assertion, the trial court did not order Wife to pay for opposing counsel's "litigious" behavior.  Her assertion misconstrues the history of the several fee awards that have been issued against her in this litigation.  Although the $2,615 in attorneys' fees that were at issue in the first appeal were not initially reduced by the trial court, the court later amended that order, finding that $1,722 was an appropriate

award. In addition, the judgment at issue here covers a different period than the prior attorneys' fee awards entered in favor of Husband and the trial court awarded only half of the fees he requested. Thus, the record does not support Wife's suggestion that Husband's counsel was being rewarded for litigious behavior.

**¶9** Finally, Wife argues that in the 2015 memorandum decision this court held that she had acted reasonably and that Husband was not entitled to any attorneys' fees. Although our decision vacated the trial court's attorneys' fee award, we remanded for recalculation of the amount, and did not conclude that Wife acted reasonably. Instead, we stated that "[w]e do not quarrel with the trial court's finding that Wife took *unreasonable* positions in this litigation." *Johnston*, 1 CA-CV 14-0451 FC at *5, ¶ 17 (emphasis added). Additionally, the 2015 memorandum decision addressed only the December 20, 2013 attorneys' fee award. *Id.*

**¶10** As the trial court recognized, Wife was successful in persuading the court that at least one asset had not been properly divided between the parties. But Wife's repeated unsuccessful attempts to challenge other rulings that she had failed to timely appeal support the trial court's conclusion that Wife acted unreasonably.

## CONCLUSION

**¶11** Because the record demonstrates that the trial court did not abuse its discretion in awarding attorneys' fees to Husband, we affirm the court's judgment.

