NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

GINA L. GANN, *Petitioner/Appellant*,

*v.*

TARYN L. GANN, et al., *Respondents/Appellees*.

No. 1 CA-CV 19-0039 FC
FILED 10-10-2019

Appeal from the Superior Court in Maricopa County
No.  FC 2018-004038
The Honorable Justin Beresky, Judge

**REVERSED AND REMANDED**

APPEARANCES

Gina L. Gann, Apache Junction
*Petitioner/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Michael J. Brown and Judge Lawrence F. Winthrop joined.

---

C A M P B E L L, Judge:

¶1        Gina L. Gann ("Grandmother") appeals the superior court's ruling denying her petition for visitation with her three grandchildren. In considering a grandparent's petition for visitation with their grandchildren, a superior court must give "special weight" to a fit parent's determination of whether visitation is in the grandchildren's best interest according to the principles set forth in *McGovern v. McGovern*, 201 Ariz. 172, 177–78, ¶ 18 (App. 2001). Because the superior court applied an interpretation of "special weight" that is no longer the law in Arizona, we reverse and remand.

### BACKGROUND

¶2        Grandmother has three minor grandchildren by her daughter, Taryn L. Gann ("Mother"). The two older children's father has no parental rights. The youngest child's father is Rocky Hernandez, Mother's fiancé.

¶3        For significant periods of time from 2012 to 2016, Mother and the older two children lived with Grandmother, and Grandmother was involved in the children's daily lives. In the fall of 2016, Mother and the children moved in with Hernandez. The youngest child was born in February 2017.

¶4        In 2018, Grandmother petitioned the superior court for, among other things, (1) *in loco parentis* legal decision-making and physical custody of the two older children, and (2) reasonable third-party visitation for all three children under A.R.S. § 25-409. Grandmother later, in her pre-trial statement, requested visitation every other weekend and on vacations.

¶5        Mother and Hernandez moved to dismiss Grandmother's petition claiming that she "has a history of irrational behavior and becomes threatening and aggressive towards Mother and [Hernandez] when she does not get her way." Following an evidentiary hearing, the superior court denied Grandmother both legal decision-making and visitation.

¶6          After an unsuccessful motion for new trial, Grandmother appealed.

## DISCUSSION

¶7          On appeal, Grandmother challenges the visitation ruling only. This Court will not disturb the superior court's ruling on visitation absent an abuse of discretion. *See McGovern*, 201 Ariz. at 175, ¶ 6. An abuse of discretion occurs when the court "commits an error of law in the process of reaching a discretionary conclusion." *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008). Determining the appropriate burden of proof is a question of law, which we review de novo. *See Am. Pepper Supply Co. v. Fed. Ins. Co.*, 208 Ariz. 307, 309, ¶ 8 (2004).

¶8          Section 25-409 authorizes a grandparent to petition the superior court for visitation with their grandchildren. *See* § 25-409(C). Under subsection (C), the court may only grant visitation if the grandparent can demonstrate one of four conditions:

> 1. One of the legal parents is deceased or has been missing at least three months. . . .
>
> 2. The child was born out of wedlock and the child's legal parents are not married to each other at the time the petition is filed.
>
> 3. For grandparent or great-grandparent visitation, the marriage of the parents of the child has been dissolved for at least three months.
>
> 4. For *in loco parentis* visitation, a proceeding for dissolution of marriage or for legal separation of the legal parents is pending at the time the petition is filed.

*Id*. Here, Grandmother is eligible for visitation under the second condition for the youngest grandchild and under the third condition for the older two grandchildren.

¶9          In addition to finding that one or more of the conditions is satisfied, the superior court must also determine that visitation is in the grandchildren's best interests. *See id*. In making this determination, the court must consider all relevant factors including:

1. The historical relationship, if any, between the child and the person seeking visitation.

2. The motivation of the requesting party seeking visitation.

3. The motivation of the person objecting to visitation.

4. The quantity of visitation time requested and the potential adverse impact that visitation will have on the child's customary activities.

§ 25-409(E).[1]

**¶10**        The superior court's ruling reflects that it considered and made findings under § 25-409(E). The court found, among other things, that Grandmother significantly bonded with her older two grandchildren during the time they lived with her, but the relationship had since become "sporadic." The court also found Grandmother's motivation in seeking visitation was to "maintain a significant relationship with the children." The court acknowledged that Mother's objection to visitation was based on Grandmother's failure to "follow parenting requests." It also noted that Mother believes Grandmother tries to manipulate the children, and that Grandmother made a false or misleading report against Mother to the Department of Child Safety. The court found Mother willing to allow Grandmother to see the grandchildren at family gatherings and concluded that if Grandmother were to disregard parental requests regarding diet and bedtime during visitation, "it could have an adverse impact on the children."

**¶11**        There is evidence in the record to support the superior court's findings, and we have no reason to question them. However, we must examine how the court evaluated the evidence.

**¶12**        In making a best-interests finding, § 25-409(E) requires the superior court to give "special weight" to the parents' opinion on visitation. The statute itself does not define "special weight." *See* § 25-409. In 2016, this Court interpreted the phrase "special weight" in *Goodman v. Forsen*, 239 Ariz. 110, 113–14, ¶ 13 (App. 2016):

> Assuming parental fitness, the analysis required under § 25–409 is not a typical balancing test in which the court's

---

[1] There is a fifth condition that applies only if one or both parents are deceased. *See* § 25-409(E)(5).

own determination of best interests is controlling—we interpret "special weight" to mean that the parents' determination is controlling unless a parental decision *clearly and substantially impairs a child's best interests*. Even if arbitrary, the parents' determination is the primary factor in the analysis, and the burden is on the person seeking visitation to demonstrate that *denial of visitation would clearly and substantially impair the child's interests.*

(emphases added). Two years later, the Arizona Supreme Court expressly rejected *Goodman's* interpretation of special weight. *See In re Marriage of Friedman & Roels*, 244 Ariz. 111, 116, ¶ 19 (2018) (disavowing *Goodman* "insofar as it purports to subject a nonparent to a heightened burden of proof").

¶13 Although the superior court's decision in this case was entered five months *after* the *Friedman* decision, the court quoted from *Goodman* and expressly applied its "special weight" interpretation. Specifically, the court concluded that "Grandmother has not proven by a preponderance of the evidence that Mother's decision to deny Grandmother's visitation *clearly and substantially impairs the Children's best interests.*" (Emphasis added.)

¶14 Because the superior court applied a standard that is no longer the law in Arizona, we must vacate and remand to allow the court to redetermine whether Grandmother's requested visitation is in the children's best interests. In doing so, the court should apply the holding from *Friedman* where the Arizona Supreme Court explained that it would interpret the phrase "special weight" in line with the United States Supreme Court's decision in *Troxel v. Granville*, 530 U.S. 57 (2000), and this Court's decision in *McGovern*. *See Friedman*, 244 Ariz. at 116, ¶ 20.

¶15 In *Troxel*, the court started from the presumption that "fit parents act in the best interests of their children." 530 U.S. at 68. Relying on that presumption, the court introduced the notion of "special weight":

> In an ideal world, parents might always seek to cultivate the bonds between grandparents and their grandchildren. Needless to say, however, our world is far from perfect, and in it the decision whether such an intergenerational relationship would be beneficial in any specific case is for the parent to make in the first instance. And, if a fit parent's decision of the kind at issue here becomes subject to judicial

review, *the court must accord at least some special weight to the parent's own determination.*

*Id.* at 70 (emphasis added).

**¶16**    In *McGovern*, this Court distilled two principles from *Troxel*. *See McGovern*, 201 Ariz. at 177, ¶ 17. First, there is a presumption that a fit parent acts in his or her child's best interest and a grandparent seeking visitation has the burden of rebutting that presumption. *See id.* Second, the superior court must consider and give some "special weight" to a fit parent's determination of whether visitation is in the child's best interest and give "significant weight" to a parent's voluntary agreement to some visitation. *See id.* at 177-78, ¶ 18. The principles set forth in *McGovern* establish a lesser burden of proof on Grandmother than that required by *Goodman* and applied by the superior court in this case. *See Goodman*, 239 Ariz. at 113–14, ¶ 13. On remand, the court should apply the principles articulated in *McGovern* to the evidence presented and require the parties to present updated information for the court's consideration.

## CONCLUSION

**¶17**    For the foregoing reasons, we reverse and remand to the superior court for a determination of whether Grandmother's visitation is in the best interests of the grandchildren, applying the standard set forth in *Troxel* and *McGovern*.



AMY M. WOOD • Clerk of the Court
FILED:  AA