NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MEAGAN TANNER, *Petitioner/Appellee,*

*v.*

MACKENZIE ALLEN CLYMER, *Respondent/Appellant.*

No. 1 CA-CV 25-0318 FC

FILED 01-28-2026

Appeal from the Superior Court in Maricopa County
No. FC2014-055254
The Honorable Colleen E. O'Donnell-Smith, Judge

**AFFIRMED**

COUNSEL

Strong Law, Tempe
By Marc R. Grant Jr.
*Counsel for Petitioner/Appellee*

Mackenzie Allen Clymer, Surprise
*Respondent/Appellant Pro Se*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Veronika Fabian joined.

---

**F O S T E R**, Judge:

¶1        Mackenzie Allen Clymer ("Father") appeals the superior court's order (1) dismissing his petition to modify parenting time and legal decision-making; (2) denying his motions for post-decree temporary orders regarding parenting time and legal decision-making and (3) granting attorneys' fees to Meagan Tanner ("Mother"). This Court affirms.

### FACTS AND PROCEDURAL HISTORY

¶2        Mother and Father have one Child in common, born in 2012. The parties have been subject to court orders since 2015. Father has filed four motions relating to modification of parenting time, legal decision-making or both between 2016 and 2021. Among those four, the court dismissed or denied three of Father's motions. Father filed an additional two motions for post-decree temporary orders relating to parenting time, legal decision-making or both following his petitions for modifications. The court issued its most recent parenting time and legal decision-making order in September 2023 after Mother petitioned to modify. Based on that order, Child spends time with each parent on a weekly basis. Parents share joint legal decision-making and communicate solely through an application.

¶3        In October 2024, Father filed his fifth petition to modify parenting time and legal decision-making. Father alleged changes in circumstances arising from Child's involvement in extracurricular activities, Mother's decisions regarding immunizations and Mother's lack of meaningful engagement in communication. Father requested the court (1) award him sole legal decision-making or alternatively joint legal decision-making with him having final say, (2) permit him to engage in Child's extracurricular activities during Mother's parenting time or alternatively designate him as the primary residential parent and (3) modify the communication plan. Father also filed a motion for temporary orders regarding legal decision-making and parenting time alleging the same claims.

¶4            The court conducted an evidentiary hearing for Father's temporary order motion. After both parties testified and submitted their exhibits into evidence, the court denied Father's motion for temporary orders and dismissed Father's petition to modify legal decision-making and parenting time. Father and Mother both requested attorneys' fees with Mother specifically alleging Father's unreasonableness resulting in her incurring fees. The court awarded Mother her attorneys' fees and ordered her to file an affidavit supporting the requested fees.

¶5            Mother's affidavit requested $5,551 in attorneys' fees and costs. Father objected and the court ordered Father to pay $3,295 of Mother's requested fees and costs, plus interest. The court justified the attorneys' fees award stating "that Father [] increase[d] the costs of this matter by acting unreasonably." Father filed a motion for the court to reconsider or alter or amend the award. He asserted the court failed to consider or weigh the evidence and requested "a written explanation detailing the factual basis and legal reasoning for [] finding that his actions were unreasonable." The court denied Father's motion.

¶6            Father timely appealed.[1] This Court has jurisdiction under A.R.S. §§ 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION

¶7            Father argues the court (1) received insufficient evidence to determine that he acted unreasonably, (2) ignored material evidence establishing a change in circumstance and (3) failed to address the legal and factual issues raised in his motion to reconsider.

## I.        Father has abandoned two issues on appeal.

¶8            As a preliminary issue, Mother asserts Father abandoned his arguments regarding the court's dismissal of his petition and denial of his motion to reconsider.

¶9            This Court recognizes that Father represents himself, but a party that represents himself "is held to the same standards expected of a

---

[1] The court entered its final judgment on January 22, 2025. Father filed a motion to alter or amend judgment on February 13, which the court denied through a signed order on March 4. Father then filed his appeal on March 27. The timely motion to amend and the court's respective denial extended Father's time to appeal, which began on March 4. *See* Ariz. R. Civ. App. P. 9(e); *see also* Ariz. R. Fam. Law P. 85(c)(2).

lawyer." *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000). Father's brief does not develop his arguments regarding the court's dismissal of his petition to modify parenting time and legal decision-making and denial of his motion to reconsider. While Father's table of contents and his statement of issues note these arguments, the body of his opening brief only addresses one of his "Issues for Consideration":

> The Superior Court Made an Error of Law in its Application of A.R.S. § 25-324, or Lack Thereof, Against Father by Finding him Unreasonable Without Any Evidence. In Doing so, the Court Also Abused its Discretion.

Thus, the only argument Father advances is the court's award of attorneys' fees to Mother. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) ("Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question."). Father's failure to make any argument or provide citations to the record results in abandonment of any other claims.

## II.     The court properly exercised its discretion in awarding Mother attorneys' fees.

¶10     Father argues no evidence supports the court's finding that he acted unreasonably. Moreover, Father argues that the court's denial of his motion to alter or amend the award of attorneys' fees violated his due process rights because the court failed to provide its reasoning for its decision.

¶11     This Court reviews an award of attorneys' fees for an abuse of discretion. *Goodell v. Goodell*, 257 Ariz. 563, 572, ¶ 40 (App. 2024). A court may award reasonable attorneys' fees to a party if it has considered the financial resources of the parties and "the reasonableness of their positions." *Id.*; *see* A.R.S. § 25-324. Certain circumstances also permit the court to award attorneys' fees against the party who filed the petition if done (1) in bad faith, (2) with facts "not grounded in fact or based on law" or (3) with "an improper purpose" including to harass, "cause unnecessary delay" or "increase the cost of litigation to the other party." A.R.S. § 25-324(B)(1)–(3). Absent a request, the court is not obligated to provide the party paying the attorneys' fees with specific findings of fact. *See* A.R.S. § 25-324(A); *Goodell*, 257 Ariz. at 572, ¶ 41.

¶12     Here, in a motion to reconsider or alter or amend pursuant to Arizona Rules of Family Law Procedure ("Rule") 35.1 and 83, Father challenged the court's award of attorneys' fees and requested that if the

court declined to change its decision, it make specific findings as to how his actions were unreasonable. The court denied Father's motion. On appeal, Father argues that the court's lack of specificity shows it failed to consider financial positions of the parties and reasonableness of each party's position.

¶13        But the court did consider the financial resources and reasonableness of arguments by both parties. In its decision, the court explicitly stated there was "not a disparity of financial resources between the parties." The court discussed that the intent behind the reasonableness provision was to discourage a party from unnecessarily expanding or extending proceedings or through unreasonable positions or actions. And the record shows that Father filed multiple pleadings, some alleging Mother violated court orders and others compelling discovery for motions that had been dismissed. This information is sufficient to support the award of attorneys' fees to Mother on the grounds that Father acted unreasonably throughout the proceedings.

¶14        Father's claim of reasonableness rested on his subjective belief that he did not assert unreasonable positions. But the reasonableness of legal positions are "evaluated by an objective standard of reasonableness." *In re Marriage of Williams,* 219 Ariz. 546, 548, ¶ 10 (App. 2008). Moreover, Father's motion equated to a request that the court reweigh the evidence in his favor. Because this Court reviews the denial of a motion to reconsider, or alter or amend, for an abuse of discretion, *Wisniewski v. Dolecka*, 251 Ariz. 240, 241, ¶ 5 (App. 2021), this Court discerns no error.

¶15        Additionally, though the court provided sufficient findings to support the award of attorneys' fees, Father failed to request specific findings until briefing on the matter was complete. The record does not include that Father requested a specific finding of fact "during or after" the court issued attorneys' fees. It was only after the court entered its final judgment granting Mother her attorneys' fees, that Father requested the court make specific findings in his motion for reconsideration.

## III.    Attorneys' fees on appeal.

¶16        Mother and Father request attorneys' fees under A.R.S. § 25-324. After considering their financial resources and the reasonableness of their positions, this Court declines to award attorneys' fees to either party. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 41 (App. 2011). As the prevailing party on appeal, this Court awards Mother her costs upon compliance with

Arizona Rule of Civil Appellate Procedure 21(b). A.R.S. § 25-324; Ariz. R. Civ. App. P. 21(b).

## CONCLUSION

¶17       This Court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR