NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GARY T. STRINGER, *Respondent/Appellant*,

*v.*

CHRISTINA J. STRINGER, *Petitioner/Appellee*.

No. 1 CA-CV 16-0425 FC
FILED 12-7-2017

Appeal from the Superior Court in Maricopa County
No. FC2013-006564
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Udall Shumway PLC, Mesa
By Joel E. Sannes and Charles W. Brown, Jr.
*Counsel for Plaintiff/Appellant*

DAVIS FAAS BLASE, PLLC, Scottsdale
By Aaron T. Blase
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Judge Maurice Portley[1] joined.

**M c M U R D I E**, Judge:

**¶1**　　　　Gary T. Stringer ("Father") appeals the superior court's order awarding attorney's fees and costs to Christina J. Stringer ("Mother") after Father petitioned to modify his parenting time for the parties' two children. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　After a 20-year marriage, Father and Mother divorced in 2014. Under the original consent decree, Father and Mother agreed to joint legal decision making and equal parenting time of their two children. In October 2014, Father voluntarily relinquished his in-person parenting time. In July 2015, Father petitioned to modify his parenting time and reinstate the terms of the original decree. Mother subsequently petitioned to modify legal decision-making authority, seeking sole legal decision-making authority. Father and Mother both requested an award of attorney's fees and costs pursuant to Arizona Revised Statutes ("A.R.S.") section 25-324.

**¶3**　　　　After a hearing ("March 2016 hearing"), the superior court awarded sole legal decision-making authority to Mother and amended Father's parenting time to one night per week for 2.5 hours. The superior court awarded Mother her attorney's fees and costs, finding a substantial disparity in financial resources existed between Father and Mother, and that Father acted unreasonably in the litigation.

**¶4**　　　　Although not directly at issue in this appeal, after filing the petitions related to parenting time and legal-decision making authority, Father also petitioned the court to modify his child support obligation. After a hearing on May 2, 2017 ("May 2017 hearing"), the superior court: (1)

---

[1]　　　The Honorable Maurice Portley, retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3, of the Arizona Constitution.

ordered Father to pay $5000 per month in child support, an upward deviation from the Child Support Guidelines; (2) ordered Father to pay $8000 per month in spousal maintenance; and (3) again awarded Wife attorney's fees and costs.

¶5         Father timely appealed the superior court's order awarding Wife attorney's fees and costs following the March 2016 hearing. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### A.     The Superior Court Did Not Err by Awarding Mother Attorney's Fees and Costs.

¶6         Father argues the superior court erred by awarding Mother attorney's fees without evidence in the record of the parties' financial resources. We review a superior court's award of attorney's fees under A.R.S. § 25-324(A) for an abuse of discretion. *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011). Under § 25-324(A):

> The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending [a domestic relations] proceeding.

¶7         In awarding Mother her attorney's fees and costs, the superior court found a financial disparity existed between the parties because Father earned over $350,000 per year, while Mother's sole source of income was spousal support. The superior court based its finding on Mother's pretrial statement. Mother's separate pretrial statement claimed Father "earns well over $350,000 annually" and that her "only source of income is the spousal support she receives from Father." Her pretrial statement also alleged Father's "behavior throughout this litigation has been unreasonable and forced Mother to incur fees to respond to his repetitious allegations."

¶8         Although Father argued below that Mother was not entitled to an attorney's fees award, he never objected to Mother's assertion that his income exceeded $350,000 per year. Father filed a separate pretrial statement one day before the scheduled hearing. Mother moved to preclude Father's pretrial statement and any witnesses, exhibits, or evidence listed in it because she received the pretrial statement less than one day before the hearing. The court ruled:

> The pre-trial statements are not evidence. They are offered to the Court pursuant to the rules as a guide. They're also to define the issues for the trial. They are not evidence . . . I have counsel all the time, and parties come in and gloss over stuff, thinking that what they put in their pre-trial statement is going to be something the Court can consider as evidence, and it's not.

**¶9**        Father argues the superior court erred by then relying solely on the statement in Mother's pretrial statement, without any other evidence of Father's income, the "resource disparity between the parties," or "the ratio of the fees owed to the assets and/or income of each party." In awarding attorney's fees and costs under § 25-324, the superior court "may look to a number of factors, none of which alone is dispositive. Among such factors are the relative financial disparity between the parties, the ability of the parties to pay the fees, the ratio of fees owed to assets owned, and 'other similar matters.'" *In re Marriage of Williams*, 219 Ariz. 546, 550, ¶ 15 (App. 2008). We will not reverse a superior court's award of attorney's fees if there is any reasonable basis for it. *In re Marriage of Gibbs*, 227 Ariz. 403, 410, ¶ 20 (App. 2011).

**¶10**        Father never objected to Mother's assertion, made in her pretrial statement and in other pleadings, that he earned $350,000 per year. Nor did Father provide any other evidence regarding his income or financial information at or prior to the hearing. The uncontested record before the superior court, at the time of the hearing on the parties' original petitions, showed Father's income exceeded $350,000 per year and that Mother's primary source of income was spousal support.

**¶11**        On April 1, 2016, the court filed its order regarding legal decision making and parenting time, and awarding Mother attorney's fees after the filing of an affidavit pursuant to *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183 (1983). On the same day that the court filed its order, Father filed a petition to modify his child support obligation.[2] With that petition, Father filed an affidavit of financial information. On April 11, 2016, Mother filed an affidavit of financial information. On May 2, 2016, Mother submitted her *China Doll* affidavit along with her application for fees under

---

[2]        This court takes judicial notice of the superior court's records. *City of Phoenix v. Superior Court (Rosen)*, 110 Ariz. 155, 158 (1973).

the April 1, order.[3] Father did not respond to the application for attorney's fees and the court entered the attorney's fees judgment on May 27, 2016. The superior court conducted a hearing on Father's petition to modify his child support obligation on May 2, 2017. After that hearing, the superior court made detailed findings regarding Father's income. The court found (1) Father's income was nearly $65,000 per month, and (2) Father's spending patterns included a $287,289 cash down payment on a house, membership payments to a country club and the Arabian Horse Association, a $51,000 credit card payment, and several hundred thousand dollars' worth of personal expenditures, proving he "lives a lifestyle over and above [his claimed] $150,000 income." The court also found Mother's income was $3000 per month, based on her affidavit of financial information and a profit and loss statement for her business.

¶12        Even if we were to agree with Father that the evidence was insufficient at the time of the March 2016 hearing to award Mother attorney's fees, unless Father can show prejudice we will not disturb the superior court's attorney's fees award. *See* Ariz. R. Fam. Law P. 86 ("[N]o error or defect in any ruling or order or in anything done or omitted by the court . . . is ground . . . for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."). The court's findings after the May 2017 hearing show a substantial financial disparity exists between Father and Mother. Accordingly, Father cannot show prejudice.

¶13        The superior court also found Father acted unreasonably throughout the litigation by: (1) his decision to stop parenting and the subsequent need for an interventionist; (2) his refusal to participate in TASC testing and reunification therapy; and (3) his subpoena for Mother's "therapy records which ultimately proved wholly unrelated to Father's request to reinstate his parenting time." In awarding attorney's fees under § 25-324, a court must consider both the financial resources of the parties and the reasonableness of their positions; "nevertheless, 'an applicant need not show both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award.'" *Mangan*, 227 Ariz. at 353, ¶ 27, n.13 (upholding an award of Father's attorney's fees where Father earned significantly more income than Mother, but where Mother took unreasonable positions in the litigation). Based on the evidence of the financial disparity between Father and Mother and the unreasonableness of

---

[3]        In resolving a contempt petition, the court awarded Mother additional attorney's fees on April 28, 2016.

Father's positions, the superior court did not err by awarding Mother her attorney's fees and costs.

¶14        Father also argues the superior court erred by awarding Mother attorney's fees and costs because she failed to comply with Arizona Rule of Family Law Procedure 91(S). Under Rule 91(S), "[i]n any post-decree/post-judgment proceeding in which an award of attorneys' fees, costs, and expenses is an issue, both parties shall file a completed Affidavit of Financial Information" and serve the affidavit on the opposing party. Father contends Mother never served him with an affidavit of financial information in the modification proceeding he initiated. Father failed to raise this argument below, despite contesting Mother's requests for attorney's fees multiple times. Arguments not raised below are generally waived on appeal. *Continental Lighting & Contracting, Inc. v. Premier Grading & Utilities, LLC*, 227 Ariz. 382, 386, ¶ 12 (App. 2011). Father has therefore waived this argument on appeal. Further, the record shows Mother filed an affidavit of financial information on September 17, 2015, and again on April 11, 2016. Although Mother did not attach an affidavit when she first requested attorney's fees on August 19, 2015, the superior court had both affidavits before it when it awarded her attorney's fees and costs. Thus, the superior court did not err by awarding Mother attorney's fees and costs, despite Mother not filing an affidavit of financial information with her initial request for attorney's fees.

**B.      There is No Basis to Award Father Fees and Costs on Appeal.**

¶15        Father requests an award of fees and costs on appeal. After considering the disparity of financial resources of the parties and the frivolous position taken by Father, we decline to award Father fees and costs. We note that Mother did not request fees and costs on appeal.

**CONCLUSION**

¶16        For the foregoing reasons, we affirm the superior court's award of Mother's attorney's fees and costs.