IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of

JULIE ANNE QUIJADA, *Petitioner/Appellant*,

*v.*

MICHAEL GEORGE QUIJADA, *Respondent/Appellee*.

No. 1 CA-CV 18-0118
FILED 2-19-2019

Appeal from the Superior Court in Mohave County
No. L8015DO20087271
The Honorable Steven C. Moss, Judge

**AFFIRMED**

COUNSEL

The Harrian Law Firm, P.L.C., Glendale
By Daniel Seth Riley
*Counsel for Petitioner/Appellant*

Law Offices of Heather C. Wellborn, P.C., Lake Havasu City
By Heather C. Wellborn
*Counsel for Respondent/Appellee*

---

**OPINION**

---

Presiding Judge Kenton D. Jones delivered the Opinion of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**J O N E S**, Judge:

**¶1**          Julie Quijada (Wife) appeals from the family court's order denying her request for immediate payment of retirement benefits allocated to her in the decree of dissolution of her marriage to Michael Quijada (Husband), relying primarily upon *Koelsch v. Koelsch*, 148 Ariz. 176 (1986). Although *Koelsch* provides guidance on how to equitably divide retirement benefits at dissolution, it does not authorize a post-judgment alteration to the spouses' agreed-upon distribution. Additionally, where the non-employee-spouse agrees that the community-property portion of retirement benefits will be paid upon distribution to the employee-spouse in a consent decree and stipulated domestic relations order (DRO), the employee-spouse's decision to work past initial retirement eligibility does not justify relief from the agreement under Arizona Rule of Family Law Procedure 85(b)(6).[1] We therefore affirm the order denying Wife's request.

**¶2**          Husband cross-appeals the order denying his request for an award of attorneys' fees pursuant to Arizona Revised Statutes (A.R.S.) § 25-324(A). Because the court did not abuse its discretion, we affirm the order denying fees.

**FACTS AND PROCEDURAL HISTORY**

**¶3**          In September 2009, the parties' eleven-year marriage was dissolved via consent decree.[2] In the decree, the parties agreed to divide the community-property portion of Husband's pension with the Arizona

---

[1]          Although this rule was numbered 85(C) at the time of these proceedings, the text of the rule remained unchanged with the 2019 amendments. For ease of reference, we cite the current version of the rules.

[2]          We view the evidence "in the light most favorable to supporting the decision below." *Rinegar v. Rinegar*, 231 Ariz. 85, 90, ¶ 20 (App. 2012) (quoting *Johnson v. Johnson*, 131 Ariz. 38, 44 (1981)).

Public Safety Retirement System (APSRS) pursuant to a separate DRO. The DRO, which was signed by both parties and entered the same day as the decree, awarded Wife "as sole and separate property a pro-rata share of [Husband]'s pension [p]ayable directly by the System at the same time and in the same manner payments are made to [Husband]." By its terms, the DRO may be amended "only for the purpose of establishing or maintaining its acceptance to [APSRS] and to supervise the payment of retirement benefits as provided in the Order." Neither party appealed from entry of the decree or DRO.

¶4        Although Husband became eligible to retire in late 2014, he continues to work and contribute to APSRS and plans to do so through at least 2024. In October 2016, Wife petitioned to "enforce" the division of retirement benefits, arguing Husband's decision to delay his retirement impermissibly "blocked [her] from accessing her sole and separate property" and that she was entitled to immediate and direct compensation for that deprivation. After a three-day evidentiary hearing, the family court denied Wife's request and ordered the parties to bear their own attorneys' fees and costs. Both parties timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2).

## DISCUSSION

### I.        Modification of Decree

¶5        The interpretation of an existing decree or court order presents a question of law reviewed *de novo*. *See Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 10 (App. 2007) (citing *Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13 (App. 2001)). Here, the DRO states that Wife will receive her share of the pension paid "by the System at the same time and in the same manner payments are made to [Husband]." And, the DRO can be modified only to facilitate these terms. Wife nonetheless argues that an employee-spouse who chooses to work past initial retirement eligibility is required, as a matter of equity, to indemnify the non-employee-spouse for the loss of his or her share of otherwise-available retirement benefits. Wife's contention, which essentially calls for a *de facto* modification of the otherwise unambiguous decree and DRO, is inconsistent with Arizona law.

¶6        When the division of assets is based upon an agreement of the parties, "entry of the decree shall thereafter preclude the modification of the terms of the decree and the property settlement agreement, if any, set forth or incorporated by reference." A.R.S. § 25-317(F). Although a spouse may challenge the method and mechanism by which retirement benefits are

valued and divided on appeal, *see* A.R.S. § 25-325(A) ("A decree of dissolution of marriage . . . is final when entered, subject to the right of appeal."), neither party did so here. Accordingly, the terms of the decree and DRO are not subject to post-judgment modification unless the court is satisfied relief is warranted pursuant to Arizona Rule of Family Law Procedure 85(b).[3] *See* A.R.S. § 25-327(A) ("The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state."); *Breitbart-Napp v. Napp*, 216 Ariz. 74, 80, ¶ 17 (App. 2007) (holding a property settlement agreement is subject to relief under the civil counterpart to Rule 85); *Schmidt*, 158 Ariz. at 498 (same).

¶7        Rule 85(b)(6) permits relief from a final judgment if the moving party shows special circumstances justifying relief.[4] We review the denial of a motion to set aside a decree for an abuse of discretion. *Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 10 (App. 2017) (citing *Alvarado v. Thomson*, 240 Ariz. 12, 14, ¶ 11 (App. 2016)).

¶8        Although the family court here was sympathetic to Wife's situation, it found Wife had agreed to the valuation method at the time of dissolution and presented no authority to support her demand for immediate payment from Husband. The order thus tacitly found no circumstances that would justify reopening the decree and DRO. *See Great W. Bank v. LJC Dev., L.L.C.*, 238 Ariz. 470, 479, ¶ 31 n.9 (App. 2015) ("[W]e presume the trial court made all findings necessary to sustain the judgment if they are 'reasonably supported by the evidence, and not in conflict with

---

[3]        Although Wife did not reference Rule 85(b) in her filings, a party need not file a specific motion to invoke the rule. *See Schmidt v. Schmidt*, 158 Ariz. 496, 498 (App. 1988).

[4]        Rule 85(b) provides six circumstances under which relief from a judgment may be warranted. A motion alleging any of the first three grounds must be filed within six months after the judgment is entered and would be time-barred here. *See* Ariz. R. Fam. Law P. 85(b)(1)-(3), (c)(1). There is no basis to believe the judgment is void, *see* Ariz. R. Fam. Law P. 85(b)(4), and an order dividing property has no prospective application that would invoke the fifth ground, *see* Ariz. R. Fam. Law P. 85(b)(5); *Birt v. Birt*, 208 Ariz. 546, 549, ¶ 19 (App. 2004) (citing *DeWeerth v. Baldinger*, 38 F.3d 1266, 1276 (2d Cir. 1994)). Thus, Wife's request can only fall under Rule 85(b)(6).

the court's express findings.'") (quoting *Coronado Co. v. Jacome's Dep't Store, Inc.*, 129 Ariz. 137, 139 (App. 1981)).

¶9        Wife relies upon *Koelsch* to argue relief from the decree is justified.  In *Koelsch*, our supreme court considered "how and when a non-employee[-]spouse's community property interest in an employee[-]spouse's matured retirement benefit plan is to be paid when the employee wants to continue working, thus delaying receipt of the retirement benefits."  148 Ariz. at 180.  While it is true that *Koelsch* largely disapproved of an arrangement that would grant the employee-spouse sole discretion to determine when the non-employee-spouse received his or her share of community property retirement benefits, the issue there arose on direct appeal from a decree of dissolution entered following a contested hearing. *Id.* at 178-79, 183.  Thus, *Koelsch* addressed only whether the family court's *original* division of community property, entered over the non-employee-spouse's objection, was equitable.  *See* A.R.S. § 25-318(A) (directing the court to "divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind").  It does not apply to a post-judgment modification.  The other cases Wife relies upon likewise address the propriety of the original, contested division of community property and do not authorize the court to modify a property allocation made in a consent decree from which no appeal is taken and over which the court did not retain jurisdiction.  *See Boncoskey v. Boncoskey*, 216 Ariz. 448 (App. 2007); *Luciano v. Luciano*, 164 Cal. Rptr. 93 (Dist. Ct. App. 1980); *Gemma v. Gemma*, 778 P.2d 429 (Nev. 1989).

¶10        When spouses settle their property rights by agreement, "if the settlement is fair and equitable, free from fraud and undue influence, the court normally will approve it."  *Wick v. Wick*, 107 Ariz. 382, 385 (1971) (quoting *Smith v. Smith*, 71 Ariz. 315, 318 (1951)).  Here, Wife agreed she would receive her portion of the retirement benefits upon their distribution to Husband.  She could have insisted upon a different valuation or distribution method at the time of dissolution — perhaps one whereby she received a *Koelsch*-type offset payment in the event Husband elected not to retire when first eligible, or one specifying the family court would retain jurisdiction to determine proper division upon maturation.  *See, e.g., Johnson*, 131 Ariz. at 41; *Danielson*, 201 Ariz. at 404-05, ¶ 8.  She did not do so even though these options had been approved of in Arizona's appellate courts decades earlier.  *See Koelsch*, 148 Ariz. at 180-82, 185 (detailing the benefits and drawbacks of several methods of valuing retirement benefits under various scenarios before "urg[ing] the parties and the trial court to be as creative and flexible as possible," within the bounds of the law, to balance the rights and expectations of the parties).  But the existence of other

possibilities does not invalidate the parties' agreement or render it inequitable. Indeed, Wife waived any argument otherwise when she failed to timely appeal the decree. *See Porter v. Estate of Pigg*, 175 Ariz. 194, 197 (App. 1993) (holding that legal error in a dissolution decree did not affect its validity "but only made it subject to correction by a timely appeal") (citing *Auman v. Auman*, 134 Ariz. 40, 42 (1982)).

**¶11** Finally, as to the substance of Wife's equity argument, she fails to prove the terms of the decree or DRO are unfair. Indeed, the decree reflects that Husband assumed the entirety of the parties' debt and received very few assets at the time of the divorce. These circumstances suggest Husband's retention of control over the retirement benefits was indeed a bargained-for exchange and not the product of misconduct that might otherwise justify equitable relief. *See, e.g.*, *Bates v. Bates*, 1 Ariz. App. 165, 169 (1965) (noting equitable relief from a dissolution decree may be justified by conduct that "has prevented a fair submission of the controversy").

**¶12** The family court's decision not to modify the decree is consistent with the specific language of the DRO and the "compelling policy interest favoring the finality of property settlements." *De Gryse v. De Gryse*, 135 Ariz. 335, 338 (1983) (citations omitted). Wife did not prove post-judgment modification of the prior orders was justified, and we find no abuse of discretion.

## II.     Request for Attorneys' Fees

**¶13** In his cross-appeal, Husband argues the family court erred in denying his request for an award of attorneys' fees and costs in contesting Wife's motion. Section 25-324(A) permits an award of fees if appropriate "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." *See also* Ariz. R. Fam. Law P. 69(c) (authorizing an award of the costs and expenses incurred defending a challenge to the validity of an agreement upon consideration of A.R.S. § 25-324 factors). We review the denial of a request for fees under A.R.S. § 25-324 for an abuse of discretion. *Murray v. Murray*, 239 Ariz. 174, 179, ¶ 20 (App. 2016) (citing *Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004)). In doing so, we defer to the court's factual findings so long as there is competent evidence to support them. *See Vincent v. Nelson*, 238 Ariz. 150, 155, ¶¶ 17-18 (App. 2015) (citing *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶¶ 16, 19 (App. 2009), and *Goats v. A. J. Bayless Mkts., Inc.*, 14 Ariz. App. 166, 169 (1971)).

¶14        Before denying the fee request, the family court found "there was considerable merit to [Wife]'s position, even if [Husband] is the prevailing party, and that [Husband] is in the superior economic position (especially as it relates to the DRO and his pension benefits)." The court further noted it did "not desire to deter similarly situated litigants from pursuing their meritorious, even if ultimately unsuccessful, claims."

¶15        Husband argues the reasonableness finding is inconsistent with the family court's prior questioning regarding the basis of Wife's disclosure requests. But "[a]ppeals lie from findings of fact, conclusions of law, and judgments, not from ruminations of the trial judge." *United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 308 (App. 1983). Moreover, the court's uncertainty regarding the procedural posture of Wife's request does not contradict its finding that she acted reasonably in pursuing a claim otherwise available to her under Rule 85(b). Nor does an award of fees in a domestic relations matter turn upon a party's success or failure. *See Cummings v. Cummings*, 182 Ariz. 383, 388 (App. 1994) (declining to award attorneys' fees to the prevailing party where the parties had equal financial resources and the non-prevailing party presented a novel legal question).

¶16        Husband also argues the family court erred in concluding he was in the superior economic position because Wife works as a licensed aesthetician and shares her living expenses. Reasonable evidence nonetheless supports the court's resolution of the parties' relative financial resources based upon the evidence that Husband earns approximately twice Wife's monthly wage.

¶17        Finally, we note that the fee-shifting provisions of A.R.S. § 25-324 are intended to "insure that the poorer party has the proper means to litigate the action, not to punish litigants." *Garrett v. Garrett*, 140 Ariz. 564, 569-70 (App. 1983) (citing *Countryman v. Countryman*, 135 Ariz. 110, 111 (1983)). Husband makes no suggestion that he lacks the means to defend Wife's claims. Moreover, the family court specifically considered this purpose. On this record, we find no abuse of discretion.

**CONCLUSION**

¶18        The family court's orders are affirmed.

¶19        Husband requests his attorneys' fees and costs incurred on appeal pursuant to A.R.S. §§ 12-341 and 25-324(A). In our discretion, we

deny his request for fees. However, as the prevailing party, Husband is awarded his costs incurred on appeal upon compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED: AA