NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

BILLIE TARASCIO,
*Petitioner/Appellant*,

v.

ANTHONY SIEBERS,
*Respondent/Appellee*.

No. 1 CA-CV 19-0654 FC
FILED 10-1-2020

Appeal from the Superior Court in Maricopa County
No.  FC2017-095149
The Honorable Michael S. Mandell, Judge

**AFFIRMED**

COUNSEL

Modern Law, PLLC, Mesa
By Darin Robert Colburn
*Counsel for Petitioner/Appellant*

Anthony Siebers, Phoenix
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Paul J. McMurdie joined.

---

**M O R S E**, Judge:

¶1        Billie Tarascio ("Mother") appeals from an order in the decree of dissolution awarding $15,000 in attorney fees and costs to Tony Siebers ("Father"). For the reasons below, we affirm the superior court's award of attorney fees and costs to Father.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Father had been married for almost fifteen years when Mother filed a petition for legal separation in November 2017. The superior court entered a decree of dissolution in May 2019.

¶3        At trial, the parties disputed the fair-market value of Mother's law firm, Modern Law, PLLC ("Modern Law"). Mother's expert, Mr. Kennedy, valued Modern Law at $298,000. In contrast, Father's expert, Mr. Hughes, valued Modern Law at $849,000. The discrepancy resulted from whether Mother's compensation was calculated based on salary information for a practicing lawyer, as urged by Mother's expert, or salary information for a CEO, as urged by Father's expert. Mr. Hughes supported his contention by relying on several statements Mother made in 2018 while being interviewed for various podcasts and an online article.

¶4        Mother filed a motion *in limine* to exclude Mr. Hughes' testimony and requested a hearing to determine whether he was qualified to testify as an expert witness. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Specifically, Mother alleged that "Mr. Hughes' investigation of the facts was not thorough nor complete, his opinions [were] not supported by reliable principles regarding business valuation, including the determination of reasonable compensation, and he did not reliably apply the principles and methods regarding business valuation to the facts of this case."

¶5        After the *Daubert* hearing, the superior court denied Mother's motion and concluded that "Father's expert Mark Hughes and his determination of reasonable compensation for Mother, meet the minimum

qualification for an expert and expert opinion under Rules 702 and 703 of the Arizona Rules of Evidence." Moreover, the court found that "the opinion of Mr. Hughes as an expert witness on reasonable compensation is the product of reliable principles and methods that were reliably applied to the facts of this case."

¶6 In the decree of dissolution, the superior court noted various problems with both experts' valuations of Modern Law. The court noted it had determined that 2017 was the relevant timeframe for calculating Mother's compensation and found that Mr. Hughes improperly relied on evidence from 2018 to support his conclusion regarding Mother's salary. The court also found problems with the valuation report prepared by Mother's expert, Mr. Kennedy, and concluded that neither valuation was accurate. Instead, the court found that "the true value [of Modern Law] lies somewhere between the calculations by the two experts" and ordered the parties to either agree on a valuation or to undergo a recalculation of the value of the business.

¶7 Both Mother and Father petitioned the court for an award of attorney fees and costs. The superior court determined there was a "substantial disparity of financial resources between the parties" and that "Mother ha[d] considerably more resources available to contribute toward Father's attorneys' fees and costs." The court also found that both parties had acted unreasonably during the litigation, noting that the two had failed to attend mediation. Furthermore, the court found that Mother had acted unreasonably in her *Daubert* challenge, which the court described as "wholly unnecessary, a waste of the Court's time and caused Father to incur needless additional attorneys' fees and expenses." The court further stated that "Mr. Hughes was clearly qualified as an expert witness, having testified as such multiple times in Maricopa County Superior Court." Ultimately, the court granted Father's request for an award of attorney fees under A.R.S. § 25-324(A) and ordered Mother to pay a portion of Father's reasonable attorney fees and costs.

¶8 In July 2019, the superior court considered Mother's "Notice of Non-Compliance and Petition for Enforcement and Civil Contempt" ("Contempt Petition"). Mother had filed the Contempt Petition in February 2019, three months before the court filed the decree of dissolution. The court found that Father's alleged misconduct did not amount to contempt, denied the Contempt Petition, but found that Father had acted unreasonably. The court stated it would "consider the unreasonableness of Father in its award of attorneys' fees to Father as part of the dissolution."

¶9          Father submitted to the court an application for attorney fees and costs in the amount of $76,456.55.  Mother objected to Father's application.  The court ultimately granted Father's application in the amount of $15,000.

¶10          Mother timely appealed the award of attorney fees.  We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶11          Mother argues on appeal that: (1) the court was incorrect in finding a financial disparity; (2) the court failed to consider Father's unreasonable conduct properly; and (3) the court erred in finding Mother's challenge to the expert testimony of Mr. Hughes and request for a *Daubert* hearing was unreasonable.

¶12          We review an award of attorney fees for an abuse of discretion.  *In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶ 26 (App. 2000) (citing *Hrudka v. Hrudka*, 186 Ariz. 84, 94-95 (1995)).  "An abuse of discretion occurs when a court commits an error of law in the process of reaching a discretionary conclusion."  *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008) (citing *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 456 (1982)).

## I.     Financial Disparity.

¶13          First, Mother argues that the superior court abused its discretion in finding a financial disparity.  Under A.R.S. § 25-324(A), a trial court may order one party to pay a "reasonable amount" of the other party's legal costs and expenses after considering "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings . . . ."

¶14          Mother does not dispute the superior court's finding that Mother grossed approximately $21,275.08 per month, and Father grossed $9,810 per month.  She contends, however, that "a mere comparison of the parties' monthly income alone does not provide a complete picture of [their] financial circumstances."  According to Mother, Father received some $215,000 in additional funds consisting of equalization payments from Mother, settlement proceeds, voluntary retirement distributions, child support, childcare paid by mother, and child-related reimbursements.  However, the court heard testimony and received exhibits regarding these additional sources of income and considered them before arriving at a determination of the appropriate gross monthly income for each party.  "On appeal, we do not reweigh this evidence and will defer to the family court's

4

resolution" of factual disputes. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 31 (App. 2019) (citing *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998)); *see also Quijada v. Quijada*, 246 Ariz. 217, 222, ¶ 16 (App. 2019) (finding that reasonable evidence supported the family court based upon evidence that the husband earned approximately twice of the wife's monthly wage).

**¶15** Moreover, we have held that trial courts are free to consider several non-dispositive factors when determining financial disparity, including "the relative financial disparity between the parties, the ability of the parties to pay the fees, the ratio of fees owed to assets owed, and 'other similar matters.'" *Williams*, 219 Ariz. at 550, ¶ 15 (quoting *Magee v. Magee*, 206 Ariz. 589, 592, ¶¶ 17-18 (App. 2004)). Courts are also free in this inquiry to "determine how much weight to give each of these factors." *Id.* Accordingly, we do not find the superior court abused its discretion in finding a financial disparity existed in favor of Father.

## II. Consideration of Father's Unreasonable Conduct.

**¶16** Mother also contends the superior court erred by awarding Father attorney fees without first considering and ruling on her Contempt Petition. She argues that the court may have never awarded Father attorney fees had it reviewed her Contempt Petition before making its decision to award fees.

**¶17** Any problem with the timing of the court's consideration of Mother's Contempt Petition is overstated. While the superior court found that Father was entitled to an award of attorney fees *prior* to having ruled on Mother's Contempt Petition, the court *eventually* reviewed the Contempt Petition, found that Father's conduct was unreasonable, and stated that it would consider Father's unreasonableness when determining the amount of attorney fees and costs it would award Father. In the end, the superior court heard and considered "the reasonableness of the positions each party [had] taken throughout the proceedings" before ordering Mother to pay a reasonable amount of Father's costs and expenses. *See* A.R.S. § 25-324(A). Had Mother's Contempt Petition revealed conduct so egregious as to justify a revocation of the court's initial determination to award Father attorney fees, nothing in A.R.S. § 25-324 would have prevented the court from so doing. *See Preston v. Denkins*, 94 Ariz. 214, 219 (1963) (noting the superior court's "inherent power" to modify judgments until they are final). We do not find that the court committed error in assessing the reasonableness of Father's conduct throughout the proceedings.

**III.    Reasonableness of Mother's *Daubert* Challenge.**

**¶18**            Finally, Mother argues that the superior court abused its discretion by finding her *Daubert* challenge unreasonable when awarding Father attorney fees pursuant to A.R.S. § 25-324(A).

**¶19**            As found in A.R.S. § 25–324(A), "reasonableness" establishes an objective standard by which courts are to evaluate the propriety of a litigant's legal position.  *See Williams*, 219 Ariz. at 548-49, ¶¶ 10-12.  Here, the superior court found Mother unreasonable after determining that her *Daubert* challenge "was wholly unnecessary, a waste of the Court's time and caused Father to incur needless additional attorneys' fees and expenses." Mother argues that it was an abuse of discretion for the court to find that her *Daubert* challenge was an objectively unreasonable legal position, especially given the court's misgivings with assumptions relied upon by Mr. Hughes in preparing his expert valuation of Modern Law.

**¶20**            As the appellant, Mother carries "an obligation to provide transcripts and other documents necessary to consider the issues raised on appeal." *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014) (citing *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995)).  The record on appeal does not include the transcript of the *Daubert* hearing.  Without the transcript, "we assume [it] would support the court's findings and conclusions," *Baker*, 183 Ariz. at 73, that Mother's *Daubert* challenge "was wholly unnecessary, a waste of the Court's time and caused Father to incur needless additional attorneys' fees and expenses."[1]

---

[1]      The court also noted that "Mr. Hughes was clearly qualified as an expert witness, having testified as such multiple times in Maricopa County Superior Court."  In denying Mother's *Daubert* challenge, the superior court did not mention or rely on Mr. Hughes' prior testimony as an expert.  *See Englehart v. Jeep Corp.* 122 Ariz. 256, 258 (1979) ("[T]he fact that a witness has qualified as an expert on previous occasions does not make him any more qualified to testify in the case at bar.").  In light of the missing hearing transcript, we presume that the superior court's mention of other cases in which Mr. Hughes had testified was a somewhat inartful allusion to his experience in valuating businesses in other divorce proceedings and "whether the expertise of the witness is applicable to the subject about which he offers to testify."  *Id.*; *see also United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 308 (App. 1983) ("A trial judge's ruminations on the record, even when incorrect, are an insufficient ground on appeal to set

**¶21**      Accordingly, we do not find that Mother has met her burden to demonstrate that the superior court abused its discretion when it found her *Daubert* challenge unreasonable, and affirm Father's award of attorney fees and costs.

## CONCLUSION

**¶22**      The superior court's award of attorney fees and costs to Father is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:     AA

---

aside the judgment entered in the trial court where there is sufficient evidence in the record to support the findings of fact and the judgment.").