NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

STATE OF ARIZONA, ex rel.,
DEPARTMENT OF ECONOMIC SECURITY, et al., *Petitioners/Appellees*,

*v.*

TRAVIS EUGENE SMITH, *Respondent/Appellant*.

No. 1 CA-CV 19-0671 FC
FILED 10-15-2020

Appeal from the Superior Court in Maricopa County
No. FC2015-050872
FC2016-052843
The Honorable Adam D. Driggs, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Petitioners/Appellees*

Travis Smith, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1 Travis Smith appeals the superior court's denial of his motion to correct alleged clerical mistakes in a child support order. Because the superior court did not abuse its discretion in denying Smith's motion, we affirm.

¶2 This case has a lengthy and convoluted history. In January 2015, the Arizona Department of Economic Security (ADES) brought an action against Smith to establish a child support obligation for his two biological children. *See* A.R.S. § 25-509.A. Three months later, the superior court held a child support establishment hearing. Based on the evidence presented, the superior court ordered Smith to pay $1,987.07 per month to satisfy his current and past child support obligations. Smith did not comply with his payment obligation, leading the State and the children's mother to initiate enforcement proceedings.

¶3 The following year, Smith petitioned for dissolution of his marriage to the children's mother and the superior court consolidated the cases. Smith and the children's mother then reached a Rule 69 agreement, settling custody matters. At a separate hearing the next week, under a settlement agreement with the State, the superior court modified Smith's monthly child support payment and conditionally released him from further enforcement proceedings if he remained current on his child support payments. Smith failed to comply.

¶4 Later that year, the superior court issued its final decree dissolving Smith's marriage to the children's mother. In a separate order, the superior court again modified Smith's monthly child support payment. Approximately eight months later, Smith filed an "Emergency Ex-Parte Motion under Rule 85(a)." Smith argued (1) the final divorce decree did not include a custody determination, (2) the subsequent child support order was improper because the final decree was incomplete, and (3) the child support order incorrectly listed his earning capacity.

**¶5**        The superior court denied Smith's motion, explaining the Rule 69 agreement settled all custody matters and directing Smith to the minute entry detailing the parties' agreement. Smith timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

**¶6**        Arizona Rule of Family Law Procedure 85(a) allows the superior court to "correct a clerical mistake or a mistake arising from oversight or omission if one is found in a judgment, order, or other part of the record." But this power "does not extend to the changing of a judgment, order, or decree which was entered as the court intended." *Cf. Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 142–43 (App. 1987) (addressing Ariz. R. Civ. P. 60(a), the civil counterpart to Rule 85(a)).

**¶7**        This court reviews the denial of a Rule 85 motion for an abuse of discretion. *See Quijada v. Quijada*, 246 Ariz. 217, 220, ¶ 7 (App. 2019). Smith has not established a clerical error in the final decree or subsequent child support order. The superior court, therefore, did not abuse its discretion in denying his Rule 85(a) motion.

**¶8**        To the extent Smith's motion might be interpreted as a motion for relief from judgment under Rule 85(b), we will not consider it because it was untimely. *See* Ariz. R. Fam. Law P. 85(c) (Rule 85(b) motions must be filed within six months). Smith filed his Rule 85 motion approximately eight months after the child-support modification order and ten months after the Decree had issued. The motion, therefore, was beyond six months and not within a "reasonable time." *See id.*

**¶9**        Finally, Smith's other challenges to the superior court's child support and enforcement orders were neither raised before the superior court nor included in his Rule 85 motion. Accordingly, they are not properly before this court, and we deem them waived. *See Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536, ¶ 9 (App. 2018).

**¶10**        For the above reasons, we affirm the superior court's denial of Smith's Rule 85 motion.