NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

PHILIP MONTEMURRO, *Petitioner/Appellant*,

*v.*

LAURA G. MONTEMURRO, *Respondent/Appellee*.

No. 1 CA-CV 21-0131 FC
FILED 10-21-2021

Appeal from the Superior Court in Maricopa County
No.  FN2014-003648
The Honorable Michael Rassas, Judge

**AFFIRMED**

COUNSEL

Philip Montemurro, Goodyear
*Petitioner/Appellant Pro Per*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1        Philip Montemurro ("Husband") challenges several portions of superior court's order. He argues the court erred by: (1) awarding the equalization payment as a money judgment; (2) miscalculating Laura Montemurro's ("Wife") equalization obligation; (3) failing to address his enforcement claims; and (4) denying his motion to take more discovery, present "newly discovered evidence," and preclude Wife's enforcement claims under the decree.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        We set out this case's underlying facts in our earlier memorandum decision ("First Decision"). *See Montemurro v. Montemurro*, 1 CA-CV 19-0228, 2020 WL 632612 (Ariz. App. Feb. 11, 2020) (mem. decision). We summarize here only those facts relevant to this appeal.

¶3        Our First Decision required the superior court to allow Husband to present evidence on his reimbursement claims under *Bobrow v. Bobrow*, 241 Ariz. 592 (App. 2017), and adjust Wife's equalization payment obligation. *See Montemurro*, 1 CA-CV 19-0228, at *4, ¶¶ 18, 24. In its June 2020 minute entry, the court scheduled an evidentiary hearing for September 8, 2020, and set a July 15, 2020, discovery deadline. The court specified the four issues to be addressed at the hearing, including: (1) the November 2018 spousal maintenance payment; (2) the $7,000 change in Wife's assets; (3) Husband's expenses accruing between March 1, 2018, and November 2, 2018; and (4) Wife's increased equalization obligation.

¶4        Both parties filed numerous motions, including one of Husband's requests to take more discovery and obtain relief from the decree. The superior court summarily denied Husband's motion. The court ultimately held an evidentiary hearing and issued its final order in January 2021. The court addressed the miscalculation discussed in the First Decision and increased Wife's equalization obligation by $3,500. The court found that Husband did not make a $600 spousal maintenance payment in

November 2018. The court also found that Wife owed Husband $38,657.36 because "Husband paid $77,314.71 towards community expenses between March 1, 2018 and November 2, 2018 and is entitled to reimbursement . . . pursuant to *Bobrow*." Wife's equalization obligation amounted to $41,557.36, which the court awarded to Husband as a money judgment.

**¶5** Husband timely appealed and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1). Wife did not submit an answering brief. When an appellant has raised a debatable issue, we may treat the appellee's failure to file an answering brief as a confession of error. *See McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007). As discussed below, Husband has failed to raise a debatable issue, so we decline to treat Wife's failure to answer as a confession of error.

## DISCUSSION

**¶6** Husband argues the superior court erred by denying his motion for relief from the decree. *See* Ariz. R. Fam. Law P. 85. We review Rule 85 motions for an abuse of discretion. *Quijada v. Quijada*, 246 Ariz. 217, 220, ¶ 7 (App. 2019). In his motion, Husband accused Wife of filing for bankruptcy to perpetuate fraud. Husband cites *Birt v. Birt* to support his contention that Wife's bankruptcy entitles him to relief from the decree. 208 Ariz. 546 (App. 2004). Rule 85(c)(1) provides: "[a] motion under section (b) must be made within a reasonable time--and for the reasons set forth in subparts (b)(1), (2), and (3), no more than 6 months after the entry of the judgment or order or date of the proceeding, whichever is later." The court entered the decree of dissolution in November 2018. Husband filed his motion in July 2020, which exceeds the deadline in Rule 85(c)(1). The court thus did not abuse its discretion by denying Husband's untimely motion.

**¶7** As to Husband's other arguments, we note that Husband failed to meaningfully comply with our rules. Arizona Rule of Civil Appellate Procedure 13(a)(7) requires an appellant to provide this court with "references to the record on appeal where the particular issue was raised and ruled on, and the applicable standard of appellate review with citation to supporting legal authority." Husband provided minimal citations to largely irrelevant legal authority. "We are not required to look for the proverbial needle in the haystack. We must insist that a bona fide and reasonably intelligent effort to comply with the rules be manifest." *In re Aubuchon*, 233 Ariz. 62, 64, ¶ 6 (2013) (cleaned up). Despite Husband's *pro per* status, we must hold him to the same standards as attorneys. *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000). We thus

conclude that Husband waived the remaining issues raised in his brief. *See Sholes v. Fernando*, 228 Ariz. 455, 461, ¶ 16 (App. 2011) (failure to develop and support arguments waives issue on appeal).

**CONCLUSION**

¶8  We affirm.

