NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ANGELA R. MINER, *Petitioner/Appellee,*

*v.*

ERIC L. MINER, *Respondent/Appellant.*

No. 1 CA-CV 21-0155 FC
FILED 10-21-2021

Appeal from the Superior Court in Maricopa County
No.  FC2017-095713
The Honorable Suzanne Scheiner Marwil, Judge

**AFFIRMED**

COUNSEL

Curry Pearson & Wooten PLC, Phoenix
By Daniel Seth Riley
*Counsel for Petitioner/Appellee*

Raymond S. Dietrich PLC, Phoenix
By Raymond S. Dietrich
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1　　　　Eric Miner ("Husband") appeals the superior court's order requiring him to make monthly *Koelsch* payments to Angela Miner ("Wife"). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2　　　　Husband and Wife married in 1998. During the marriage, Husband worked for the Phoenix Police Department. As a police officer, Husband participates in the Arizona State Public Safety Personnel Retirement System ("Pension"). Husband still worked for, but could not retire from, Phoenix Police Department when the parties divorced in November 2017.

¶3　　　　In the consent decree, the parties agreed to equally divide the community's interest in the Pension. The decree required the parties to hire an attorney to "prepare any orders and documentation necessary to effectuate a division of the Pension." In September 2019, the parties entered a stipulated domestic relations order ("Order") that divided the Pension. The Order provided: "[Wife] is awarded as her sole and separate property a pro-rata share of [the Pension] payable directly . . . at the same time and in the same manner payments are made to [Husband]."

¶4　　　　In June 2020, Wife petitioned to enforce the decree's provision concerning the Pension. Wife alleged "Husband will reach retirement eligibility within forty-five days and intends to continue working." Wife then asked the superior court to amend the Order and compel Husband to make reimbursement payments under *Koelsch v. Koelsch*. 148 Ariz. 176, 185 (1986); *see also DeLintt v. DeLintt*, 248 Ariz. 451, 453, ¶ 4 (App. 2020) (*Koelsch* payments are reimbursements owed by an employee spouse who continues working after becoming eligible to retire). Husband responded that Wife waived her claim to *Koelsch* payments because the Order did not permit such payments. The Order contemplated this disagreement, stating: "[t]he parties disagree as to whether [Wife] has a right to make a claim under

[*Koelsch*] and this issue is not resolved here nor shall any provision in this order be construed in favor of one party or the other if a legal determination is sought."

**¶5** After an evidentiary hearing, the superior court found that Husband's decision to continue working entitled Wife to *Koelsch* payments. In its November 2020 minute entry, the court reasoned that the Order's explicit language established that Wife "did not waive her right to *Koelsch* payments and left the issue for the Court to decide." The court then ordered the parties to hire an expert to calculate the value of the *Koelsch* payments.

**¶6** Husband filed a notice of appeal, which we dismissed as premature because the amount of Husband's *Koelsch* payments remained at issue. The superior court then entered a final order that included the monthly amount owed to Wife. We reinstated Husband's appeal and have jurisdiction under A.R.S. § 12-2101(A)(2) and Arizona Rule of Family Law Procedure 78(c).

## DISCUSSION

**¶7** Interpretation of an existing decree presents a question of law, which we review *de novo*. *See Quijada v. Quijada*, 246 Ariz. 217, 219, ¶ 5 (App. 2019). Husband argues Wife waived her right to seek *Koelsch* payments when she stipulated to the Order. Husband also argues the superior court lacked jurisdiction to order *Koelsch* payments and that such payments violate the Pension Clause of the Arizona Constitution.

**I.** *Koelsch* **Payments**

**¶8** Our Supreme Court defines a matured pension as an "unconditional right to immediate payment." *See Koelsch*, 148 Ariz. at 178 n.2 (cleaned up). When an employee spouse continues working after his retirement benefits mature, then he is "liable to reimburse the non-employee spouse for the property interest in the monthly pension benefit." *Id.* at 185. A non-employee spouse may waive her right to seek *Koelsch* payments if that spouse agrees to receive her share of benefits when distributed to the employee spouse. *See Quijada*, 246 Ariz. at 221, ¶ 10.

**¶9** The Order's language setting forth the timing and terms of how the Pension would pay Wife, is identical to the domestic relations order's language in *Quijada*. *Id.* at 220, ¶ 5. Unlike *Quijada*, however, here the parties expressly addressed *Koelsch*. The Order memorialized the parties' dispute about whether Wife retained "a right to make a claim under

3

*Koelsch*" and commands that no "provision in this order be construed in favor of one party or the other if a legal determination is sought."

**¶10** In *Quijada*, we found the non-employee spouse waived the right to receive *Koelsch* payments by agreeing to receive her share of the benefits directly from the pension system, at the same time, and in the same manner as the employee-spouse. *Id.* at 221, ¶ 10. The non-employee spouse in *Quijada* also failed to include any alternatives to the specific distribution described in the domestic relations order. *Id.* But here, the parties anticipated litigation and agreed that the superior court would enter an amended order if *Koelsch* payments were required. *See DeLintt*, 248 Ariz. at 454, ¶ 10. The Order makes clear that Wife did not waive her right to *Koelsch* payments and the court did not err in finding her entitled to them.

## II.        Husband's Other Arguments

**¶11** Husband contends the superior court lacked jurisdiction to order *Koelsch* payments. He correctly notes that Section 11 of the Order reserves the court's jurisdiction "to amend this Order but only for the purpose of establishing or maintaining its acceptance to the relevant System or Plan." But the parties also agreed to Section 3(d), which reserved the court's authority to amend the Order to "reflect the amount of the *Koelsch* payment." We find no error.

**¶12** Husband also contends that *Koelsch* violates the Pension Clause of the Arizona Constitution. *See* Ariz. Const. art. 29, § 1(D). He failed to raise this issue to the superior court and cannot assert it for the first time on appeal. *See Lemons v. Showcase Motors, Inc.*, 207 Ariz. 537, 541, ¶ 17 n.1 (App. 2004). Notwithstanding waiver, our Supreme Court approved *Koelsch* payments to compensate the non-employee spouse for her interest in the pension benefit. *See Koelsch*, 148 Ariz. at 185. We may not abandon *Koelsch* without further direction from our Supreme Court. *See State v. Lucero*, 223 Ariz. 129, 137, ¶ 24 (App. 2009).

## III.        Attorneys' Fees

**¶13** Both parties request attorneys' fees under A.R.S. § 25-324. In the exercise of our discretion, and after considering the parties' financial resources, we award Wife her reasonable attorneys' fees and costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

¶14   We affirm.

