NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

JACQUELYN LANDWEHR, *Petitioner/Appellee,*

*v.*

KASEY LANDWEHR, *Respondent/Appellant.*

No. 1 CA-CV 21-0381 FC
FILED 3-1-2022

Appeal from the Superior Court in Maricopa County
Nos. FC2018-092291
FC2020-095183
The Honorable Marvin L. Davis, Judge

**AFFIRMED**

COUNSEL

The Sampair Group PLLC, Glendale
By Patrick S. Sampair
*Counsel for Petitioner/Appellee*

Paul D. Nordini, Esq, Scottsdale
By Paul D. Nordini
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

---

**B R O W N**, Judge:

¶1 Kasey Landwehr ("Father") appeals from the superior court's order denying his petition to prevent relocation of his two minor children. Because Father has not shown that the court abused its discretion, we affirm.

## BACKGROUND

¶2 Jacquelyn Landwehr ("Mother") and Father married in 2015 and share two minor daughters. Father is the biological parent and Mother is the adoptive parent of their two daughters. Mother filed for divorce in 2018 and, after Father failed to file a timely response, the superior court issued a default decree of dissolution. The decree awarded Mother sole legal decision-making over the two children and designated her as the primary residential parent, with Father having one weekend of supervised parenting time each month.

¶3 In June 2020, Mother informed Father she was relocating to Louisiana with the children. The parties disagree as to whether Father approved the move. In July, Father filed a petition to prevent the relocation and soon thereafter Mother was evicted from her "living situation" in Arizona. At the time she was also experiencing a high-risk pregnancy, was unable to work, and could not afford to live in Arizona without financial support. Mother moved to Louisiana with the daughters, and several weeks later Father filed an expedited motion to return the children to Arizona. Mother and the children remained in Louisiana pending the resolution of Father's petition, living with her boyfriend (the father of her baby).

¶4 After some continuances, both parents testified at an evidentiary hearing in April 2021. Mother explained that she could not afford to live in Arizona without financial support and that she was unable to work due to her high-risk pregnancy. She also introduced evidence of her eviction from her living situation and a letter from her doctor explaining

why she was unable to travel with her daughters at the end of her pregnancy. She also testified that it was not possible for her to return to Arizona with her daughters because she had a good job in Louisiana, was enrolled in college, and the children were doing well in school and extra-curriculars.

¶5 The superior court found that Mother met her burden to show that the move to Louisiana was in the children's best interests. The court issued specific findings under A.R.S. §§ 25-403 and -408 stating, in part, that (1) "the children are well adjusted to Mother's home in Louisiana, and are also thriving socially, academically and athletically in Louisiana," (2) based on the testimony presented, they want to stay in Louisiana with Mother, and (3) "the children will likely have a better quality of life with Mother in Louisiana." The court concluded that preventing the children from living in Louisiana "would have a destabilizing effect" on the children's lives. It also noted that if the children remained in Louisiana, Father's parenting time would increase significantly from the current parenting plan. The court denied Father's petition and awarded him long-distance parenting time. Father timely appealed, and we have jurisdiction under A.R.S. § 12-120.21(A)(1).

## DISCUSSION

¶6 A parent living in Arizona who has legal decision-making authority or parenting time generally cannot relocate their children out of state without advance written notice to and permission from the other parent or court approval. A.R.S. § 25-408(A), (F). In deciding whether to allow a parent to relocate with the children, a court must consider all the relevant factors, including those in §§ 25-408(I), -403.01(B), and -403(A). Ultimately, the relocation must be in "the child's best interests." A.R.S. § 25-408(G).

¶7 We review a superior court's relocation decision for an abuse of discretion. *Murray v. Murray*, 239 Ariz. 174, 176, ¶ 5 (App. 2016). A court abuses its discretion when it rules without supporting evidence or commits a legal error in making a discretionary decision. *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). We review legal issues de novo. *Quijada v. Quijada*, 246 Ariz. 217, 219, ¶ 5 (App. 2019).

### A. Evidence Supporting Emergency Relocation

¶8 Father argues the superior court failed to properly address that Mother "unilaterally" relocated while his petition was pending and

3

had a "history of repeatedly relocating the children."  Temporary relocation is governed by § 25-408(F)(1), which states as follows:

> Pending a determination by the court of a petition or application to prevent relocation of the child[,] [a] parent with sole legal decision-making or a parent with joint legal decision-making and primary residence of a child who is required by circumstances of health, safety, employment or eviction of that parent or that parent's spouse to relocate in less than forty-five days after written notice has been given to the other parent may temporarily relocate with the child.

Father contends that Mother did not prove she satisfied any of these statutory exceptions to relocate the children on an emergency basis.  Mother has sole legal decision-making of the children and is their primary residential parent.  She testified that her move was the result of her high-risk pregnancy, inability to work in Arizona, and her eviction from her home in Arizona.  The court found that Mother met her burden to show her emergency relocation satisfied the elements of § 25-408(F)(1) and her motives and beliefs were genuine and sincerely held.

¶9        Father also argues the superior court did not properly consider his evidence that Mother had previously relocated the children. He contends that if the court had considered this evidence, the outcome may have been different.  Father also argues the court should have mentioned Mother's prior moves within Arizona.

¶10        As an initial matter, Father's arguments seem to contest the adequacy of the superior court's findings.  But a court is not required to make findings on every piece of evidence presented to it for an emergency relocation; and the court here made findings for each of the statutory factors outlined in § 25-408(F)(1) in its final order.  Because Father did not request findings of fact or conclusions of law under Arizona Rule of Family Law Procedure ("ARFLP") Rule 82, the court's order sufficiently stated the factual basis for its conclusions.  Further, Mother's previous moves within the Phoenix metropolitan area do not constitute a "relocation" as defined by § 25-408(A).

¶11        The superior court is in the best position to assess credibility and to resolve conflicting evidence. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015).  On appeal, we view the facts presented in the light most favorable to sustaining the court's findings.  *Hefner v. Hefner*, 248 Ariz. 54, 57 n.2 (App. 2019).  We will reverse a decision only if there is "a clear

absence of evidence to support" those findings. *Pridgeon v. Superior Court*, 134 Ariz. 177, 179 (1982).

¶12    The superior court was faced with conflicting evidence. Mother testified that her August departure from Arizona was made in good faith due to her high-risk pregnancy and the economic complications that followed. Father, in contrast, testified that only after the fact did Mother make excuses in an "attempt to evade [the] statutory mandate." On the record presented, the court could properly reject Father's claim that Mother manufactured her testimony to fit within the exception. The reasons Mother provided at trial track what she listed in her response to Father's petition to prevent relocation. She supported her testimony with an August 8, 2020 text confirming her eviction, and a January 2021 letter from her obstetrician, addressing her pregnancy complications.

¶13    Further, we reject Father's contention that the statutory scheme incentivizes emergency relocation. We are not persuaded that an emergency relocation unfairly allows the relocating parent to gather evidence to support their final best interests claim. First, unilateral relocation is only permitted in the case of a parent with sole decision-making authority or as the residential parent in a joint decision-making situation. *See* A.R.S. § 25-408(F)(I). Second, any claim of emergency relocation by a parent must still be supported by evidence, which for testimony includes cross-examination, with the party making such a claim having the burden of proof. *See* A.R.S. § 25-408(G) (burden on party seeking relocation); *State v. Rivera*, 210 Ariz. 188, 190, ¶ 11 (2005) (noting that "cross-examination is the appropriate tool for probing the truthfulness of a witness's statements"). Third, the superior court always has the authority to impose sanctions when warranted. *See* A.R.S. § 25-408(B).

## B.    Burden of Proof

¶14    Father argues the superior court improperly placed a "special" burden of proof on Mother because Mother prematurely relocated with the children while his petition was pending. The burden of proof is a legal issue we review de novo. *Hefner*, 248 Ariz. at 60, ¶16.

¶15    A court must decide "whether to allow the parent to relocate the child in accordance with the child's best interests," and the parent seeking relocation carries the burden to prove what is in the child's best interests. A.R.S. § 25-408(G). Here, the superior court correctly placed the burden of proof as to both the emergency relocation and whether relocation was in the children's best interests on Mother. The court did not apply a

higher or special burden of proof and issued specific findings on each of the best interests factors in its final order. Because the court applied the appropriate burden of proof, Father has shown no error.

### C.    Best Interests Factors

**¶16**        Father next argues the superior court did not properly weigh the evidence and improperly applied the evidence to the best interests factors. Essentially, he disputes the sufficiency of the evidence supporting the court's order. In determining whether to allow a parent to relocate with the parties' children, a court must consider all the relevant factors set forth in A.R.S. §§ 25-408(I), -403.01(B), and -403(A). The court must "make specific findings on the record as to all relevant factors and the reasons its decision is in the children's best interests." *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 20 (App. 2009); A.R.S. § 25-403(B). We will only reverse the court's decision if the court abused its discretion by committing an error of law or by issuing a ruling where the record is devoid of evidence to support it. *Petitto*, 247 Ariz. at 423, ¶ 9.

**¶17**        Father contends the evidence does not support the court's best interests findings, and specifically disputes the court's finding that the children appear to have a stronger bond with Mother as well as similar findings that the children are bonded to Mother's boyfriend and well-adjusted to their home in Louisiana.[1] Father contends that the superior court relied too "heavily on Mother's testimony, wrong facts, and in disregard to other more material evidence related to Mother's continued instability as to where she and the children reside." He also points out that the court found that he was more likely to provide parenting time with

---

[1]        Father also states that the superior court "seemed to misidentify" the children's grandparents by referring to their grandparents as "maternal grandparents" instead of "biological maternal grandparents." Even if the court's reference was incomplete, he does not explain how it affected the court's ruling. Father further asserts the court believed that he and the children would have to share one bedroom if they lived with him. The court's ruling noted that "if the children lived with him, *they* would share a room." (Emphasis added). Although the use of "they" is ambiguous, the ruling makes no explicit findings that the children would have to share a room with Father. Further, the court's ruling addressed the children's adjustment to home, school, and community, showing it considered more factors than just the daughters' living situation. Thus, Father has not shown the court erred.

Mother and argues that despite this finding, the court still ruled in Mother's favor.

¶18　　　　Evidence in the record supports each of the superior court's findings. Mother testified about her reasons for an emergency relocation and how well the children were adapting to their new home. Mother introduced report cards from the children's schools in Arizona and Louisiana to contrast the children's improved academic performance in their new schools. And the long-distance parenting plan ultimately affords Father increased parenting time, primarily in Arizona. The fact that the court found that Father may facilitate more parenting time with Mother is not dispositive in determining whether the relocation was in the children's best interests; it is only one of many factors. *See* A.R.S. §§ 25-408(I) and -403(A).

¶19　　　　We afford the superior court great deference in deciding relocation matters because it acts as the fact finder. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 13 (App. 1998). Here, we decline Father's implicit request that we reweigh the evidence presented at the hearing. *See Hurd*, 223 Ariz. at 52, ¶ 16. The court did not make its decision based on a single factor. *See Pollock v. Pollock*, 181 Ariz. 275, 278 (App. 1995) (explaining the best interests factors are "weighed collectively" and "no single factor is controlling"). Additionally, all of Father's "more material evidence" is in the record presented to the superior court, and he has shown no error on that record.

## CONCLUSION

¶20　　　　We affirm the superior court's order. In our discretion, we deny Mother's request for attorneys' fees under A.R.S. § 25-324(B). As the successful party on appeal, Mother is awarded taxable costs on appeal subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:　AA